Alvin S. LACKEY and Vivian Lackey,
Plaintiffs-Respondents,

v.

Ted L. JOULE, Aretha F. Joule, Beverly Joule Daniels and Gary Leech,
Defendants-Appellants.

No. KCD 29947.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer Denied Jan. 31, 1979.

Application to Transfer Denied March 13, 1979.

Harry T. Limerick, Jr., Columbia, for defendants-appellants.

Hilda N. Petri, Columbia, for plaintiffs-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Alvin S. Lackey and Vivian Lackey sought an injunction against Ted L. Joule, his wife, son and daughter to prohibit them from interfering with the continued use of a portion of a septic tank lateral underlying the Joule property. The court entered an injunction against the Joules and this appeal followed.

The Joules contend the finding of an easement by implication was not supported by the evidence and the evidence showed an agreement not to create such easement which prevents its existence. Affirmed.

In 1954 Joule and his wife constructed a house on the western part of a tract they owned in Columbia and occupied it until 1969 when they divided the tract and sold the house to Mrs. Haines. This house was served by an individual septic tank system built by Joule and located on the tract sold

to Haines except for 10 feet of the laterals which ran under the adjoining portion of the tract retained by Joule. Both Joule and Mrs. Haines testified that at the time of the conveyance an oral agreement was made that the 10 feet of laterals underlying the tract retained by Joule would be removed by Haines any time Joule requested.

Haines later sold her tract to Bigley with nothing in the record to indicate Bigley was aware of any agreement between Joule and Haines concerning the 10 feet of laterals. Bigley conveyed to Heim, again without evidence of disclosure of any agreement concerning the lateral field and Heim sold to the Lackeys.

The Lackeys testified they knew the house was served by an individual septic tank system but not that the 10 feet of laterals extended onto the tract retained by Joule until Joule notified them that he was about to sell the adjoining tract and unless they severed the 10 feet of laterals he would sever them himself. This suit followed to prevent Joule from severing the laterals extending onto the tract he retained.

Lackey also introduced evidence by persons in the business of constructing individual septic and sewage disposal systems that because the Lackey tract was located on higher ground than any of the adjoining tracts and because of its size and soil composition, an individual sewage disposal system could not be constructed wholly on the Lackey tract. In short, these experts stated that since the existing system was the only one which would work so that water would not flow onto adjoining land, the 10 feet of laterals under the Joule tract was reasonably necessary. Joule introduced contradicting evidence that an individual sewage disposal system could be satisfactorily constructed wholly on the Lackey tract.

The trial court found an easement by implication existed for the 10 foot lateral field on the Joule tract and expressly found that the experts produced by Lackey were more believable than those produced by Joule. The court entered an order permanently restraining the Joules and their successors in title from terminating or interfering with the laterals under their property. The court further stated in its judgment that Joule should have disclosed it in writing if he had intended in the future to sever the 10 feet of laterals extending onto the tract he retained.

 On this appeal Joule first contends the evidence does not support the finding of an easement by implication for the use of the 10 feet of the Joule property occupied by the laterals. In *Causey v. Williams*, 398 S.W.2d 190, 197[4, 5] (Mo.App.1965) the court set out the requirements for the creation of an easement by implication from pre-existing use as

(1) unity and subsequent separation of title; (2) obvious benefit to the dominant estate and burden to the servient portion of the premises existing at the time of the conveyance; (3) use of the premises by the common owner in their altered condition long enough before the conveyance and under such circumstances as to show that the change was intended to be permanent; and (4) reasonable necessity for the easement.

A review of the evidence with reference to these requirements reveals beyond question a unity and subsequent separation of title; Joule owned the whole tract and later divided it. There is no doubt as to an obvious benefit to the dominant estate Joule sold and a burden to the servient portion he retained which existed at the time of conveyance. Nor is there any doubt of the use of the premises by Joule long enough before the conveyance and under such circumstances to show the change was intended to be permanent; after the Joules built the house served by the disposal system in 1954, such system was continuously used by them until the conveyance which divided the tract in 1969. The reasonable necessity of the system, supported by the evidence referred to above and the testimony by sewage system experts, was expressly found by the court who heard and saw the witnesses. This court must give due regard to the trier of facts to judge the credibility of the witnesses. *Jaeger v. Jaeger*, 547 S.W.2d 207, 213[9, 10] (Mo.App.1977).

The evidence fully satisfies all of the requirements for the establishment of an easement by implication. Furthermore, an easement by implication for underground sewer pipes is a recognized application of the general rule. *Romanchuk v. Plotkin,* 215 Minn. 156, 9 N.W.2d 421 (1943), 25 Am.Jur.2d Easements and Licenses, § 30, p. 444, 58 A.L.R. 832.

Joule next argues the judgment is not supported by the evidence because Joule and Haines testified they orally agreed at the time of the conveyance that the use of the laterals on the adjoining Joule tract would be discontinued whenever Joule requested. Admittedly, this testimony was uncontradicted, but the deference which this court gives to the trier of facts to judge the credibility of witnesses applies even to uncontradicted evidence. *Jaeger, supra.* Thus, the trial court was not required to believe the uncontradicted testimony of Joule and Haines. From the judgment entered, it is apparent the court did not believe such testimony because the court is deemed to have found all fact issues in accordance with the result reached. *Roth v. Roth,* 571 S.W.2d 659, 664[2] (Mo.App. 1978). Since the court could not have found the existence of an easement by implication if it had found an express agreement relating to the matter (*Causey, supra,* at p. 198), the court obviously did not believe the testimony relating to the agreement.

Joule finally contends the court's observation, that if Joule had intended to terminate use of the laterals he should have given notice in writing, his tantamount to holding that an easement by implication will be created unless a party expressly declares in writing that such easement does not exist. Joule's construction of this part of the judgment is not justified. Basically, the court did not find an agreement that an easement by implication would not be created, but rather affirmatively found that such an easement had been created. It has already been demonstrated that the evidence fully supports such a finding and that the court apparently did not believe the testimony regarding the alleged oral agreement.

Thus, the court did not declare the law to be that an easement by implication would be created unless expressly denied in writing. The court's statement merely sheds light on its reason for not believing the testimony as to an agreement to discontinue use by observing that under the circumstances it was more likely that any such agreement would have been reduced to writing. The court evidently thought the absence of a writing as to the purported agreement militated against finding that such an agreement existed.

Since the judgment is supported by the evidence and did not erroneously declare or apply the law it is affirmed. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

All concur.