Robert EVERSOLE and Doris Eversole, Plaintiffs-Respondents,

v.

Jim Douglas STRAIT, Defendant and Third Party Plaintiff-Respondent,

v.

John E. MURRAY, d/b/a John E. Murray Earth Moving Contractor, Third Party Defendant-Appellant.

No. 10452.

Missouri Court of Appeals, Southern District, En Banc.

Dec. 20, 1979.

Ralph E. Baird, Joplin, for plaintiffs-respondents.

Dean S. Johnston, John R. Martin, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for third party defendant-appellant.

TITUS, Judge.

Plaintiffs and defendant (sometimes herein Strait) own adjoining acreages situate in rural Newton County, Missouri. Defendant's land, similar to that of plaintiffs' contiguous acreage, is rocky, hilly, wooded and is on a higher elevation than that of plaintiffs' property. It was this land on which defendant constructed an earthen dam and pond in July 1973. On June 6, 1974, the dam breached, causing rocks, gravel, debris and water to be thrown onto plaintiffs' land.

In this court-tried case, plaintiffs sought recovery from defendant for damages to their property (plaintiffs also sought punitive damages [Count II] and injunctive relief [Count III]) and defendant Strait, as third-party plaintiff, in his third-party petition, sought indemnification from third-party defendant John E. Murray, d/b/a John E. Murray Earth Moving Contractor, the builder of the dam, for all sums which may be awarded to plaintiffs against defendant/third-party plaintiff Strait. In addition, Strait sought recovery (in Count II) of all sums expended by him in payment to third-party defendant Murray for construction of the ill-fated dam.

Judgment was rendered in favor of plaintiffs on Count I of their petition and against Strait, in the sum of $3,600. The court found in favor of defendant Strait on Count II (punitive damages) and Count III (injunctive relief) of plaintiffs' petition. The trial court further found all issues on Count I (indemnification) of third-party plaintiff Strait's petition in favor of third-party plaintiff and against third-party defendant John E. Murray, and assessed damages in the amount of $3,600. The court found in favor of third-party defendant Murray on Count II of third-party plaintiff's petition (which sought recovery of all sums expended by Strait in payment to Murray for construction work on the dam). It is this judgment from which third-party defendant Murray appeals.

In a court-tried case, our judicial eye on review is focused on the postulations found in *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976). On review of a judgment of a trial court, sitting without a jury, we will sustain the judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."

No findings of fact or conclusions of law were requested. In such cases, all fact issues will be deemed found in accordance with the result reached and the judgment will be affirmed if it is correct on any reasonable theory supported by the evidence. *Lackey v. Joule,* 577 S.W.2d 114, 117[3] (Mo.App.1978); *Roth v. Roth,* 571 S.W.2d 659, 664[2] (Mo.App.1978); *Corley v. Kiser,* 556 S.W.2d 218, 222[2] (Mo.App.1977). It is this background against which we view third-party defendant's two points relied on.

Taken together, the two points relied on by third-party defendant Murray aver, in substance, first, that the dam was built to specifications provided to him, therefore there was no negligence on his part, and, second, that defendant Strait altered the dam after construction was completed,

thereby rendering him (Strait) primarily or contributorily negligent, thereby absolving Murray from liability.

Facts adduced at trial were sometimes in conflict and included the following: Murray built the dam for Strait on Strait's property; the dam broke; plaintiffs Eversole suffered property damage; specifications for the dam called for a principal spillway inlet (6" pipe) to be built into the center of the dam to carry off overflow water; a 4' × 4' "anti-seep collar" was to be attached to the pipe, located within the earthen dam, to prevent water from seeping along the pipe and into the center of the dam; the "collar" as installed by Murray was 30" × 30"; there was a break in the weld which attached the "anti-seep collar" to the spillway pipe; the specifications called for a 3:1 slope on both sides of the dam; the completed dam had a 2:1 slope on the back (downstream) side; large cracks developed in the center of the dam shortly after completion; the middle (center) of the dam sank or settled to a point lower than either end of the dam; Strait had constructed a concrete pad on or near the center of the dam for the purpose of creating an overflow spillway (where the center or middle of the dam had settled to a point lower than either side of the dam); Strait had filled in the emergency spillway (located to one side of the dam) for the purpose of allowing a concrete truck to better pour the concrete pad in the middle of the dam.

■ The fact that the "anti-seep collar" installed by Murray was some 1404 square inches smaller than that called for in the specifications, and the existence of a 2:1 slope of the downstream side of the dam instead of the 3:1 slope required in the specifications, belies appellant Murray's first contention that he can be guilty of no negligence since he, averredly, had constructed the dam in accordance with plans and specifications furnished to him. Third-party defendant Murray's first point relied on is denied.

Where there is a conflict in the evidence in a court-tried case, we adhere to the fixed principle that appellate courts resolve the conflict by according due deference to the trial court because of its superior opportunity " 'to observe the conduct and demeanor of the parties and their witnesses and to weigh, evaluate and assess their testimony' " [*Pittman v. Great American Life Insurance Co.*, 512 S.W.2d 857, 861–862[7] (Mo.App.1974)], and because the trial judge has leave to believe or disbelieve all, part or none of the testimony of any witness. *North Side Finance Co. v. Sparr*, 78 S.W.2d 892, 894[4] (Mo.App.1935). See also *Roth v. Roth*, supra, 571 S.W.2d at 665[4] and *Long v. Lincoln*, 528 S.W.2d 512, 513[3] (Mo.App. 1975).

■ In this case, the court could have found that Murray's deviations from the specifications for the dam were the proximate and sole cause for the dam's breach. The court could also have found upon the evidence that any subsequent changes or alterations to the dam allegedly made by Strait in no way caused or contributed to the ultimate failure of the dam and the concomitant damage to plaintiffs' property. Third-party defendant Murray's second point relied on, given our deference to the trial judge's resolution of conflicting evidence at trial, is denied.

The judgment is affirmed.

HOGAN, BILLINGS, MAUS, GREENE and PREWITT, JJ., concur.

FLANIGAN, C. J., recused.