MRS. JOHN WEAVER, MRS. T. A. VIGILINI and MRS. ULY WALKER, Appellants, v. IDITH ALLISON and PAUL FLETCHER, Administrator with Will annexed of G. W. ARMSTRONG.—102 S. W. (2d) 884.

Division One, March 17, 1937.

*Tom R. Moore* for appellants.

*Jos. V. Pitts* for Paul Fletcher, admr., and *Lz Banta* for Idith Allison.

HYDE, C.—This is a will contest suit, brought by the two daughters of G. W. Armstrong, who .died in 1933, owning land in Douglas County. A jury was waived, and the case tried by court, which entered judgment sustaining the will. Contestants have appealed.

The petition alleged that the testator "was of weak and feeble mind, his memory being greatly impaired and was a sufferer of senile dementia, and was in such mental condition that he was of unsound mind within the meaning of the law." It also alleged undue influence on the part of a beneficiary in the will, who was not related to the testator, and of her mother; although contestants had the burden of proof on this issue they offered no evidence to sustain it. Contestants made the further claim that the will was void because of one provision thereof, which delayed, until the death of her husband, the vesting of property devised to one of the testator's daughters. This part of the petition must be disregarded (and the evidence contestants offered thereon also) because the sole issue was "whether the writing produced be the will of the testator or not" and the validity, effect or construction of the provisions of the will (if it be his will) could not be determined in a will contest suit. [Sec. 537, R. S. 1929; Cox v. Cox, 101 Mo. 168, 13 S. W. 1055; Lilly v. Tobbein, 13 S. W. 1060; Id., 103 Mo. 477, 15 S. W. 618; Weber v. Strobel (Mo.), 225 S. W. 925; Van Raalte v. Graff, 299 Mo. 513, 253 S. W. 220; see, also Ewart v. Dalby, 319 Mo. 108, 5 S. W. (2d) 428, for limitations of this rule.] Contestants attempted to try an issue wholly foreign to the action they brought, and they cannot attack the judgment on any ground concerned with this branch of the case.

Contestants, however, contend that although they offered no evidence on mental incapacity, the judgment, sustaining the will, cannot stand because the burden of proof of testamentary capacity was on the proponents, and they wholly failed to produce any evidence whatever on this issue. We find that contestants are correct.

Proponents called only the two witnesses to the will. They were not even asked about the testator's appearance or condition, physical or mental, and gave no testimony whatever that he was of sound mind. Norva Daily, one of the attesting witnesses, met the testator in Judge Stewart's law office, where she was employed as stenographer. She stated that Mr. Armstrong came in and asked Mr. Stewart to draw a will. The will was taken in shorthand and then transcribed, Stewart dictating the same to her. It was then read over to the testator and signed by him, and by her and Mr. Reese as witnesses. She said Reese had been called in before the signing, and that all three were present at the time. Mr. Reese, a banker, testified that he had known Armstrong eight or ten years and that he banked with him five or six years. He did not remember who was present, except that he was, but said he saw Armstrong sign the will. He remembered being called to sign it, but did not remember where he signed it.

■ "A suit to contest a will, brought by a party in interest, the position stating a cause of action, cannot be dismissed without an adjudication upon the will. A filing of such suit has the effect of vacating the judgment of the probate court admitting the will to probate, leaving the will unproven unless and until established by the judgment of the circuit court." [Smith v. Smith, 327 Mo. 632, 37 S. W. (2d) 902; Callahan v. Huhlman, 339 Mo. 634, 98 S. W. (2d) 704 l. c. 707.] "Will contests 'are held to be a solemn form of probating wills under our statute.' [Teckenbrock v. McLaughlin, 209 Mo. 533, 108 S. W. 46, 47.] It was therefore incumbent upon the proponents of the will in the first instance to make proof of the due execution of the will, i. e., compliance with all the requirements and formalities prescribed by statute, and that the testator was at the time of sound mind." [Fletcher v. Henderson, 333 Mo. 349, 62 S. W. (2d) 849.] "In every case contesting a will, proof by the proponents of the will of the sanity of the testator, as well as the due execution of the will, must be made, whether the contestants attack the will on the ground of the insanity of the testator or not." [Mayes v. Mayes (Mo.), 235 S. W. 100; Berkemeier v. Reller, 317 Mo. 614, 296 S. W. 739.] These authorities further hold that, when proponents have thus made a prima facie case for the validity of the will, the burden of evidence shifts to contestants, but the burden of establishing the sanity of the testator by a preponderance of the evidence remains with proponents. The reason for this rule is that a will contest is in effect an appeal from the probate court proceedings, upon which there is a trial de novo; and the statute of wills (Sec. 517, R. S. 1929) authorizes wills to be made only by those, "Twenty-one years of age and upward, of sound mind." This court, en banc, in Major v. Kidd, 261 Mo. 607, 170 S. W. 879, reviewed this statute, in connection with the statutes stating the requirements essential to proof of wills in the probate court and the statute authorizing contests in the circuit

court, and said: "It is just as much a part of the case for proponents of such a will to show mental soundness as it is to show sufficient age, in an attempt to probate or prove the will. We are speaking now of the probate court. . . . If the statutes place this *onus* or burden upon the proponents in the probate court, as they clearly do, then, perforce of the same statutes, it remains there in the circuit court, because a will contest under our statute is but the probating or rejecting of a will." [See, also, Williams v. Lack, 328 Mo. 32, 40 S. W. (2d) 670; Kaechelen v. Barringer (Mo.), 19 S. W. (2d) 1033; Calnane v. Calnane, 223 Mo. App. 381, 17 S. W. (2d) 566; Lindsay v. Shaner, 291 Mo. 297, 236 S. W. 319; Bensberg v. Washington University, 251 Mo. 641, 158 S. W. 330; Weber v. Strobel (Mo.) 194 S. W. 272.]

Proponents say that because there is a recognized presumption of sanity no affirmative proof thereof is required. It is, however, clearly settled by the above authorities that, whatever the effect of this presumption may be in other situations, before a will can be probated, by circuit court judgment after contest, there must be affirmative proof that the testator was of sound mind at the time of its execution. Otherwise, proponents do not make even a prima facie case, and until they do make a prima facie case they are not entitled to have the will sustained; nor are contestants required to assume any burden of evidence.

Proponents rely on Fields v. Luck, 335 Mo. 765, 74 S. W. (2d) 35. That case fully recognizes that the proponents have the burden of proof of testamentary capacity and proponents therein did meet the burden by an affirmative showing. The matter of presumption of sanity was there discussed because the burden of proof instruction given in that case stated "that under the statute of wills in this State, the sanity of a testator is not presumed." It was held that "the presumption had no probative force and should not enter . . . into the determination of the question of testamentary capacity" when there was conflicting evidence on the issue; and therefore this statement, although it should not be put in an instruction, was held not prejudicial. This case does not help proponents. Since presumptions are for the court rather than for the jury, references thereto "in instructions to juries are 'sometimes useless, sometimes prejudicial, and always illogical.'" [Lampe v. Franklin American Trust Co., 339 Mo. 361, 96 S. W. (2d) 710, and cases cited; see, also, 2 Mo. Law Rev. 87; for discussion of burden of proof instructions see Rouchene v. Gamble Const. Co., 338 Mo. 123, 89 S. W. (2d) 58, and cases cited.]

Proponents also call attention to the *dictum* in Norton v. Paxton, 110 Mo. 456, 19 S. W. 807 that "it *may* be that production of a will, reasonable on its face, with proof of due execution, and attestation, and that the testator was of full age, will make out a prima facie case

on the part of the proponents, thus giving full force to the presumption (of sanity)." So that no one will be misled by this statement, we adopt the following quotation from Alexander on Wills, set out in Fields v. Luck, which we hold is the rule in this State, to-wit:

"The weight of authority, however, and the better reasoning are that the proponent of a will must, in the first instance, establish his prima facie case of proof of the testamentary capacity of the testator. Although, in the absence of evidence to the contrary, all persons are presumed to be of sound mind, and although this presumption may be accepted as a wise and profound rule of testamentary common law, yet it is not sufficient in itself to absolve the proponent from the necessity of proving the testamentary capacity of the testator. . . . The right to dispose of an estate by will is statutory, and when one relies upon a will in order to gain property in opposition to the heir, it is but just that he should establish the fact that the decedent had testamentary capacity. However wise may be the presumption of soundness of mind, yet the conscience of the court must be satisfied of the mental capacity of the testator, and this the presumption alone is not able to do."

The judgment is reversed and the cause remanded. *Ferguson* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.