**In the Matter of the Estate of S. GILBOE, Deceased, Respondent,**

v.

**DOERFLINGER REALTY CO., a Corporation, Appellant.**

**No. 42356.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 27, 1981.

Motion for Rehearing en banc or Transfer to Supreme Court Denied March 13, 1981.

Application to Transfer Denied May 11, 1981.

Gordon F. Webb, James W. Sherby, Clayton, for appellant.

W. W. Sleater, St. Louis, for respondent.

REINHARD, Judge.

This action was initiated on October 10, 1973, when the administrator of plaintiff estate filed in probate court [1] a "petition for determination of title to personal property"; Doerflinger Realty Co. was named as defendant. The petition alleged that defendant possessed certain notes and a deed of trust, that these documents were actually the property of the estate, that one E. V. Thielecke had wrongfully delivered the documents to defendant, and that defendant had refused the estate's demand for return of the documents. The petition prayed that the court determine title to the notes and deed of trust was in the estate and order defendant to deliver these documents to the administrator.

Following the disqualification of the probate judge, this case was certified to and heard by the circuit court.[2] Plaintiff in its case-in-chief introduced an affidavit of the administrator which had been attached to a motion for summary judgment previously filed by plaintiff,[3] and certain of defendant's answers to plaintiff's interrogatories. Plaintiff also asked the court to take judicial notice of three court files relating to the estate. Defendant introduced testimony from defendant's president and from the person in possession of the notes. Plaintiff offered rebuttal testimony from E. V. Thielecke. The trial court ultimately entered judgment for plaintiff, and ordered defendant to deliver the notes and deed of trust to the administrator. Defendant appeals.

■ We note that where, as here, a case has been certified from the probate court to the circuit court, the case retains its probate

1. The probate courts have since been made the probate divisions of the circuit courts. Mo. Const. Art. V, § 27.

2. Such certification of a probate proceeding to the circuit court was authorized by § 472.060, RSMo 1969. Current version at § 472.060, RSMo 1978.

3. Plaintiff had filed a motion for summary judgment with the supporting affidavit of the administrator, on November 15, 1973, approximately five and one-half years before the circuit court hearing. The record does not reveal the disposition of this motion.

character, and the circuit court exercises the function of a probate court. *In re Boeving's Estate*, 388 S.W.2d 40, 49–50[6–7] (Mo.App.1965). The probate court is authorized by statute to try and to determine title to property claimed to be an asset of an estate, and may order the transfer of such property.[4]

On appeal, defendant contends that the trial court erred in granting judgment for plaintiff, because plaintiff failed to introduce any competent evidence that the decedent had held an interest in the notes and deed of trust. Plaintiff argues that it did offer evidence of the decedent's interest in the documents. In this regard, plaintiff relies upon the allegations made in the administrator's affidavit in support of plaintiff's motion for summary judgment.[5] Plaintiff contends that since defendant failed to file an affidavit opposing them, these allegations must be deemed admitted. As this principle regarding admissions is usually stated, however, it applies "for the purpose of summary judgment." *Burki v.*

*Wiggs*, 550 S.W.2d 933, 935[2] (Mo.App. 1977).

Here, both sides proceeded as if at trial, producing witnesses, and conducting direct and cross-examination. No reference was made to the proceeding in terms of summary judgment by either party or by the court. The opinion and judgment issued by the court went to the merits of the case and did not mention summary judgment. It is clear that the proceeding before the trial court was a trial on the merits, not a hearing on a motion for summary judgment.

In a proceeding such as this,[6] the administrator bears the initial burden of proof, *Keller v. Collison*, 395 S.W.2d 729, 735 (Mo.App. 1965), and must make at least a prima facie case in order to receive a judgment, *In re Oberman's Estate*, 281 S.W.2d 549, 553 (Mo.App. 1955). Here, in the absence of the affidavit offered by plaintiff, there is absolutely no competent evidence in the record showing that the estate had any interest in the property it sought. Without the agreement of the par-

---

4. The version of the statute in effect at the time the petition was filed is found at 1973 Mo. Laws, p. 484–85. It stated, in part:

1. Any executor, administrator, creditor, beneficiary or other person who claims an interest in personal property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate court in which said estate is pending seeking determination of the title, or right of possession thereto, or both. The petition shall describe the property, if known, shall allege the nature of the interest of the petitioner and that title or possession of the property, or both, are being adversely withheld or claimed. The court may order the joinder, as a party, of any person who may claim an interest in or who may have possession of any such property.

. . . .

3. Upon a trial of the issues, the court shall determine the persons who have an interest in said property together with the nature and extent of any such interest. The court shall direct the delivery or transfer of the title or possession, or both, of said property to the person or persons entitled thereto and may attach the person of any party refusing to make delivery as directed. If the party found to have adversely withheld the title or possession, or both, of said property has transferred or otherwise disposed of the same, the

court shall render a money judgment for the value thereof with interest thereon from the date the property, or any interest therein, was adversely withheld. In addition to a judgment for title and possession, or either, or for the value thereof, the court may enter a judgment for all losses, expenses and damages sustained, if any, but not including attorney fees, if it finds that the property was wrongfully detained, transferred or otherwise disposed of.

. . . .

Current version at § 473.340, RSMo 1978 (slightly amended because of the change of the probate courts into divisions of the circuit court.)

5. This affidavit alleged, among other things, that it had "been established by proceedings in this Estate that one E. V. Thielecke did use funds of this Estate to pay off [the] Notes and Deed of Trust," and that "E. V. Thielecke did not have title to the said Notes and Deed of Trust, ... but held them in derogation of the rights of this estate, [and] he could transfer no title to the defendant ...."

6. We note that in a case in which the property was claimed as a gift from the decedent, a different burden of proof would apply. *See Matter of the Estate of Stickler v. Leazenby*, 551 S.W.2d 944, 951 n.5 (Mo.App. 1977).

ties, an affidavit may not be considered as evidence at trial. *State ex rel. O'Connell v. Crandall*, 562 S.W.2d 746, 750 n.5 (Mo.App. 1978). There was no such agreement here. In fact, although the court received the affidavit in evidence, defendant properly objected to its admission on several grounds, including hearsay. The affidavit therefore did not constitute competent evidence at trial. We must conclude that plaintiff failed to make even a prima facie case for recovery of the notes and deed of trust.

Based upon the record before us, we hold that the trial court erred in granting judgment for the estate. The judgment of the trial court is reversed, and the case remanded for a new trial.

Judgment reversed and case remanded.

CRIST, P. J., and SNYDER, J., concur.