**K.E.A. (D.), Plaintiff–Respondent,**

v.

**T.A.A., Defendant–Appellant.**

**No. 15569.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 15, 1989.

David Gregory Warren, Warren and Warren, Richland, for defendant-appellant.

Ralph W. Muxlow, II, Richland, for plaintiff-respondent.

MAUS, Judge.

The marriage of the parties to this action was dissolved on February 5, 1986. The decree of dissolution determined that one child had been born to the marriage and awarded custody of that child and child support to the respondent-mother. By count I of his pending motion, filed April 8, 1987, the appellant-father asks that the determination of paternity in the dissolution decree and award of custody be set aside. The trial court dismissed that count. The father appeals.

Count I is entitled "Motion to Vacate Judgment and for Writ of Error Coram Nobis." A condensation of the material allegations of count I is as follows. The parties were married in 1974. The child in question was born in 1978. At the time of the dissolution and until just before filing the pending motion, the father believed he was in fact the father of that child. The mother knew he was not. She concealed that fact from the father and from the court. Only recently did the mother tell the father that he was not the father of the child. He further alleges that he is in fact not the father of the child and that an "HLA blood test" of the father, mother and child will conclusively establish that he is not the father of the child. The father's position is summarized in a paragraph of the pending motion.

3. That an extrinsic fraud was perpetrated on the Court to allow the Court to find that said minor child was Defendant's son when in fact Defendant was not the natural, biological father of said child, such that this Court's ruling should be vacated as to all provisions concerning said minor child, Plaintiff given full custody of said minor child without visitation by Defendant, such that no support is due to said minor child from this Defendant and that any alleged parental rights established by said decree should be terminated.

The father also filed a motion for the court to order these blood tests.

Count II of the father's motion, apparently in the alternative, seeks a modification of the dissolution decree for a variety of reasons, including the facts alleged in count I. In count II he prays for the designation of specific visitation and the vacation or reduction of the amount of child support. As stated, the court dismissed count I and declared that dismissal to be a final judgment. This appeal was properly taken from that dismissal. *Speck v. Union Electric Company*, 731 S.W.2d 16 (Mo. banc 1987)[1].

It is well established "that a finding or implication of paternity in a divorce or annulment decree, or in an incidental support or custody order, is res judicata on the issue of paternity in subsequent proceedings between the former spouses and that each of them is bound by the prior paternity determination." *In re Marriage of Campbell*, 741 S.W.2d 294, 296 (Mo.App. 1987).

Nonetheless, the father's principal point on appeal is that the trial court erred in dismissing his motion for writ of error coram nobis because he had pleaded "the issues of extrinsic fraud upon the court and mistaken material fact which if known would have prevented the entry of the decree."

The father's conception of extrinsic fraud is in error. "False averments in a divorce petition, false statements in an affidavit, and false testimony do not constitute extrinsic fraud." *Vinson v. Vinson*, 725 S.W.2d 121, 124 (Mo.App.1987). Such false averments, false statements and false testimony go to the merits of the dissolution action. "A proceeding in the nature of a writ of error coram nobis is designed to bring to the attention of the court some unknown fact, *not going to the merits of the cause*, but relating to the jurisdiction of the court to proceed and to attain a valid result in the proceeding." *Edson v. Fahy*, 330 S.W.2d 854, 858 (Mo.1960) (emphasis

added). Moreover, it has been held as follows. "This court en banc in *Simms v. Thompson*, 291 Mo. 493, 236 S.W. 876, 881 (1921), clearly settled the law in this state, holding that a writ of error coram nobis is not the remedy for obtaining relief from a judgment on the ground of fraud and expressly disapproving of former cases which so held." *Spotts v. Spotts*, 331 Mo. 942, 55 S.W.2d 984, 986 (1932).

The trial court did not err in dismissing count I which asserted a claim for relief by a writ of error coram nobis. *Martin v. Martin*, 549 S.W.2d 542 (Mo.App. 1977). The same result would be reached if the father presents his claim by an action for fraud. "As pointed out in *Hemphill v. Hemphill* [316 S.W.2d 582 (Mo.1958)], false averments in the divorce petition, false statements in the affidavit thereto, and false testimony in support thereof are not sufficient to warrant the relief sought." L____ C. F____ v. D____ H. F____, 333 S.W.2d 320, 323 (Mo.App.1960).

By an additional point, the father contends the trial court erred in dismissing count I before ordering the blood test mentioned. This point obviously has no merit. In dismissing count I the trial court was required to accept as true the father's allegation that he was not in fact the father of the child. The results of a blood test would add nothing to this allegation. Nonetheless, as demonstrated above, the trial court did not err in dismissing count I. The judgment of the trial court is affirmed.

FLANIGAN, P.J., concurs.

HOGAN, J., concurs.

---

**1.** The judgment of dismissal was entered December 3, 1987, prior to the effective date of revised Rule 74, Judgments, Orders and Proceedings Thereon.