Danny MILLER, Plaintiff–Appellant,

v.

Vivian HUBBERT,
Defendant–Respondent.

No. 58521.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1991.

Mary Ann Weems, Clayton, for plaintiff-appellant.

Mark H. Kruger, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Appellant, Danny Miller, (hereinafter husband), and respondent, Vivian Hubbert, (hereinafter wife), were divorced on August 18, 1971. The dissolution court ordered husband to pay to wife child support of $10 per week per child for the two minor children: Rhonda Lynn (born April 16, 1969) and Carmen Renee (born June 7, 1970).

Husband, on May 20, 1987, approximately sixteen years later, filed a petition to set aside the order of child support alleging that he was not the natural father of the minor children. On July 16, 1987, wife filed a motion to dismiss. On July 21,

1987, wife filed an answer to this petition asserting that husband's action was barred by *res judicata* and laches.

On April 14, 1989, two years later, husband filed his first amended petition contending that wife, prior to the entry of the divorce decree, advised him that (1) he was not the natural father of the said minor children, (2) he would not be allowed to see the children in the future, and (3) wife would not request child support from husband for said children. Husband further maintained in his petition that the divorce decree was procured by fraud on the part of wife. He alleged that at the time of the entry of the dissolution decree wife knew that husband was not the father of the children, but withheld information pertaining to the identify of the natural father from both husband and the court, thereby, permitting the entry of a divorce decree based on fraud. Husband further asserted that he was serving in the United States Armed Services after May 20, 1968, until May, 1970, and was not residing with wife. He also alleged that he had no sexual contact with wife from May, 1968. Husband prayed the court to set aside the decree of dissolution and make a determination that he was not the natural father of said minor children, and also asked the court to set aside the order of child support granted by the dissolution court August 18, 1971.

On February 26, 1989 wife filed a second motion to dismiss arguing that husband's action was barred by *res judicata* and laches. On May 11, 1990 the trial court sustained wife's motion to dismiss based on these doctrines. On June 7, 1990, husband filed this appeal.

■ Husband contends that the trial court erred in dismissing his first amended petition under the doctrine of *res judicata* because the doctrine has no applicability where a prior judgment was procured by extrinsic fraud. The doctrine of *res judicata* refers to the effect of a prior judgment on a subsequent judicial proceeding. *Griffith v. Hammer*, 595 S.W.2d 292, 294 (Mo.App.1979). Collateral estoppel is one aspect of *res judicata*, and precludes the same parties from relitigating issues previously adjudicated. *People's Home Life Insurance Company v. Haake*, 604 S.W.2d 1, 7 (Mo.App.1980). The court in reviewing whether the application of collateral estoppel is appropriate should consider: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Oates v. Safeco Insurance Company*, 583 S.W.2d 713, 719 (Mo. banc 1979), Collateral Estoppel, Cunningham, Collateral Estoppel: The Changing Role of the Rule of Mutuality, 41 Mo.L.Rev. at 519.

■ Here, these four requirements have been met. Husband was a party to the original divorce proceeding. The issue of paternity was presented in the dissolution proceedings resulting in a judgment on the merits. Even though the issue of paternity was not raised in the prior action, the doctrine of collateral estoppel is applicable to all issues which were, or might have been, litigated in a divorce proceeding. *Hedgecorth v. Hedgecorth*, 463 S.W.2d 596, 598 (Mo.App.1971).

■ It is well established "that a finding or implication of paternity in a divorce or annulment decree, or in an incidental support or custody order, is *res judicata* on the issue of paternity in subsequent proceedings between the former spouses and that each of them is bound by the prior paternity determination." *K.E.A. v. T.A.A.*, 765 S.W.2d 389, 391 (Mo.App.1989); *In re Marriage of Campbell*, 741 S.W.2d 294, 296 (Mo.App.1987). Here, the dissolution court ordered husband to pay child support to wife for both minor children. The paternity issue was resolved in the divorce proceeding when the court ordered husband to pay this support. Husband is bound by the prior paternity determination. Thus, this precludes husband's relitigation of this issue.

■ Husband contends, however, that the doctrine of *res judicata* is inapplicable where a prior judgment was obtained by extrinsic fraud. Husband's argument is misplaced. "False averments in a divorce petition, false statements in an affidavit, and false testimony do not constitute extrinsic fraud." *K.E.A. v. T.A.A.*, 765 S.W.2d 389, *supra*, at 391; *Vinson v. Vinson*, 725 S.W.2d 121, 124 (Mo.App.1987). Here, wife's statements concerning the paternity of the two said minor children, thus, do not constitute extrinsic fraud. The trial court properly dismissed appellant's first amended petition under this doctrine. Point denied.

We need not address husband's second point since the court was correct in sustaining wife's motion to dismiss under point one.

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.