In re ESTATE of Inez HUTCHINS, Deceased.

Florence Marie BRADLEY, et al., Plaintiffs–Appellants,

v.

John S. TAYLOR, et al., Defendants–Respondents.

No. 19106.

Missouri Court of Appeals, Southern District, Division Two.

April 29, 1994.

Henry S. Clapper, Clapper & Woodard, P.C., Monett, for appellants.

Emory L. Melton, Tom W. Cardin, Cardin & Mocherman, Cassville, Randee S. Stemmons, Stemmons, Stemmons & Cowherd, P.C., Mt. Vernon, Larry W. Meyer, Aurora, for respondents.

FLANIGAN, Presiding Judge.

On March 2, 1993, Florence Bradley, Pam Mirabel, Jean Willcox, Thomas Hutchens and Geraldine Pearson, ("plaintiffs"), filed a document entitled "Petition for Will Construction" in the Probate Division of the Circuit Court of Barry County in Estate CV 280–6P, the Estate of Inez Hutchins, deceased. Named as defendants in the proceeding were the beneficiaries named in the will and decedent's personal representatives.

Defendants filed a motion to dismiss on several grounds, including the ground that the action was not an action for will construction but was a will contest which was barred by the six-months limitation contained in § 473.083.1.[1] The trial court sustained the motion and in its order recited several grounds, including the ground mentioned. Plaintiffs appeal.

Plaintiffs assert that the trial court erred in dismissing the action because: (a) § 474.-520[2] authorizes a court to construe a will at any time during administration, and decedent's will was still before the probate court at the time the petition was filed; (b) § 474.-520 authorizes the filing of such a petition by "any other person interested in the will," and plaintiffs were such persons in that, as heirs at law of the decedent, they would be entitled to the residue of the estate if the court construed the will in the manner sought by plaintiffs; (c) this action was for will construction and not a will contest because the

sole purpose of a will contest is to determine if the document is the last will of the decedent, and plaintiffs admitted that the document before the probate court was the last will of decedent, but plaintiffs sought only a judicial construction that the handwritten alterations to said will were invalid and of no force and effect.

This proceeding is only one link in a chain of litigation which commenced in 1980. On February 4, 1980, Inez Hutchins, a resident of Barry County, Missouri, died. On June 4, 1980, the will of Inez Hutchins was admitted to probate in Barry County. On December 2, 1980, several persons, *not* including instant plaintiffs, filed a will contest (Case CV 180–352CC), in the circuit court. On motion of a defendant, the circuit court dismissed the will contest for nonjoinder of a necessary party. That order of dismissal was appealed to this court which reversed the order and remanded the cause. *Taylor v. Coe*, 675 S.W.2d 148 (Mo.App.1984).

On April 14, 1988, in Case CV 180–352CC, Henry S. Clapper, attorney for instant plaintiffs, filed a document entitled "Entry of Appearance," which stated that Attorney Clapper "enters his appearance as attorney of record for [instant plaintiffs]." Clapper's clients never attempted to intervene, pursuant to Rule 52.12, in Case CV 180–352CC. Rule 52.12(c), which prescribes the procedure for intervention, requires the filing of a motion stating the grounds therefor, accompanied by a pleading setting forth the claim or defense for which intervention is sought. Clapper's clients filed no such motion.

On September 1, 1992, the circuit court, in Case CV 180–352CC, entered an order dis-

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Section 474.520 reads:
"The court in which a will is probated shall have jurisdiction to construe it at any time during the administration. Such construction may be made on the petition of the executor or administrator or of any other person interested in the will; or, if a construction of the will is necessary to the determination of an issue properly before the court, the court may construe the will in connection with the determination of such issue. When a petition for the construction of a

will is filed, notice of the hearing thereon shall be given to interested persons."
As used in § 474.520, " **'Interested persons'** mean heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the estate of a protectee. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved." § 472.010(15).

missing the action with prejudice "at request of plaintiffs." In October 1992, Clapper's clients sought to appeal to this court from that order. On January 25, 1993, this court dismissed that appeal and also denied a separate application for leave to appeal out of time which Clapper's clients had filed with respect to the dismissal of September 1, 1992. Clapper's clients then filed this proceeding.

Plaintiffs concede, at least tacitly, that if this proceeding is a will contest it is untimely. Their brief says:

"The Probate Court's final basis for dismissing appellant's petition for will construction was that the action was, in reality, an action for will contest, barred by the statute of limitations found in § 473.083 RSMo and appellants are precluded under the doctrine of res judicata based upon a prior unsuccessful attempt to participate in the prior will contest. Because the underlying premise of this basis is erroneous, appellants are not barred from bringing this will construction action under the statute of limitations of § 473.083 RSMo or principles of res judicata.

.     .     .     .     .

"Appellants do not contend that the document on file with the probate court is (sic), in fact, the last will of the decedent. Appellants do not object to a distribution of the specific bequests as set forth in that document. Instead, appellants challenge only the validity and effect of the purported residuary clause contained in that will.

.     .     .     .     .

"Because appellants do not seek a determination that the document filed with the probate court is not the last will of the decedent, the instant action is not properly viewed or characterized as a will contest action. Since appellants seek a judicial determination regarding only a single provision of that will, a will construction action is the proper vehicle to accomplish that end."

Rule 84.04 contains the requirements for the contents of the brief for an appellant, including "a statement of the facts." Rule 84.04(c) provides, in pertinent part: "The statement of facts shall be a fair and concise statement of the facts relevant to the ques-

tions presented for determination without argument." As applicable here, Rule 84.13(a) provides, in pertinent part: "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal."

■ In the statement of facts portion of appellants' brief, the only reference to the contents of the petition filed on March 2, 1993, reads as follows: "In their petition, appellants sought a construction of the decedent's will regarding the proper persons to receive the residue of the decedent's estate." Obviously the nature of this proceeding cannot be determined without reference to the contents of the petition filed on March 2, 1993, and appellants' statement of facts is defective for failing to set forth those contents. "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). This court, in its discretion, has examined the record for possible plain error.

The petition of March 2, 1993, alleged:

Decedent Inez Hutchins died testate on February 4, 1980, and her will was admitted to probate by the Circuit Court of Barry County, Probate Division, on June 4, 1980, and is currently in the process of administration. A copy of the will is attached.

Plaintiffs are "the heirs at law of the decedent." Defendants "are all persons mentioned as possible beneficiaries or the successors in interest of said beneficiaries mentioned in the will."

The will was witnessed by three individuals, each of whom attested that the decedent executed said will, consisting of six typewritten pages, on May 2, 1974.

Pursuant to the will, decedent purported to make "bequeaths (sic) of certain property by handwritten amendments thereto at some time subsequent to the execution of said will on May 2, 1974. Said handwritten amendments were not subscribed to in accordance with § 474.320, and hence decedent must be deemed to have died partially intestate with

respect to the property that is referred to in the handwritten amendments upon the will."

"A present controversy exists as to the proper construction of decedent's will and who is the proper person or persons to receive the items of decedent's property purportedly disposed of in the handwritten provision[s] of the will."

The prayer of the petition was that the court enter its judgment construing the will and adjudicating that the handwritten amendments thereto are invalid, that decedent died intestate with respect to the property referred to in the handwritten amendments, and that plaintiffs, as the heirs at law of the decedent, are entitled to distribution of "all of" the property referred to in the handwritten amendments.

█ The petition (a) claims the "handwritten amendments" are void on the ground that they were not executed with the formalities required by § 474.320,[3] (b) claims the handwritten amendments created an intestacy with respect to the property referred to in them.

For the reasons which follow, this court holds that Claim (a) is a claim which must be raised in a will contest and is untimely. Claim (b) is sheer sophistry—a contention that a void provision has some operative legal effect.

Plaintiffs attempt to qualify themselves as "other person[s] interested in the will," under § 474.520, on the ground that one portion of the will, the handwritten amendments, is void. The flaw in that contention is that the will, including the handwritten amendments, was admitted to probate and plaintiffs did not, within the six-month period prescribed by § 473.083.1, initiate a will contest. Such a contest was initiated by other persons and later dismissed. By reason of that dismissal, "the judge of the probate division shall proceed with the administration of the estate in accord with his previous order admitting the will to probate ... as if the petition had never been filed with the clerk of the circuit court." § 473.083.9.

Under the guise of an action to construe the will, plaintiffs, in effect, are seeking to appeal from the order admitting the will, all of it, to probate. Section 472.160.1 reads, in pertinent part:

"Any interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:

.    .    .    .    .

"(14) In all other cases where there is a final order or judgment of the probate division of the circuit court under this code *except orders admitting to or rejecting wills from probate.*" (Emphasis added.)

Section 473.083 reads, in pertinent part:

"5. Any contest of the validity of a probated will ... shall be held before a circuit judge other than the judge of the probate division."

In *In re Estate of Sobol,* 804 S.W.2d 770 (Mo.App.1990), heirs sought to appeal from an order of the probate division of the circuit court admitting a will to probate. The proponent moved to dismiss the appeal, contending that the admission of a will to probate is not an appealable order. Citing § 472.160.-1(14) and § 473.083.5, the court granted the motion to dismiss and said, at 771: "[I]t is clear that the procedure for challenging the admission or rejection of a will to probate is by way of a will contest under § 474.083 and not by way of appeal." To similar effect see *Kinder v. Brune,* 754 S.W.2d 946, 947–948 (Mo.App.1988); *Matter of Estate of Bridges,* 710 S.W.2d 327, 330[1] (Mo.App.1986).

"Section 472.160.1(14) specifically prohibits appeals from orders admitting to or rejecting wills from probate. The theory underlying this restriction is that the efficacy of the will must be determined in a will contest action. Where the issue can be raised in a will contest, such as lack of capacity, that remedy is exclusive." 5 Francis M. Hanna & John A. Borron, Missouri Practice, Probate Law and Practice, § 211 (1988).

---

**3.** Section 474.320 reads: "Every will shall be in writing, signed by the testator, or by some person, by his direction, in his presence; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testator."

**568**

In *Weaver v. Allison*, 340 Mo. 815, 102 S.W.2d 884 (1937), the court said, 102 S.W.2d at 885:

"'Will contests "are held to be a solemn form of probating wills under our statute." It was therefore incumbent upon the proponents of the will in the first instance to make proof of *the due execution of the will*, i.e., compliance with all the requirements and formalities prescribed by statute, and that the testator was at the time of sound mind.' 'In every case contesting a will, proof by the proponents of the will of the sanity of the testator, *as well as the due execution of the will*, must be made, whether the contestants attack the will on the ground of the insanity of the testator or not.'

. . . . .

"[A] will contest is in effect an appeal from the probate court proceedings, upon which there is a trial de novo.

. . . . .

"[A] will contest under our statute is but the probating or rejecting of a will." (Citing authorities; emphasis added.)

■ Although plaintiffs characterize this action as one for construction of a will, that position is untenable. In *Odom v. Langston*, 355 Mo. 109, 195 S.W.2d 463 (1946), plaintiffs, nephews and nieces of the testatrix, brought an action to have the residuary clause of the will ruled void. Plaintiffs appealed from the trial court's dismissal of the action. Affirming the dismissal, the court said, 195 S.W.2d at 464:

"[P]laintiffs are neither heirs nor distributees under the residuary clause of the will. They are strangers to the clause. They seek by this action to have the clause ruled void and thereby become heirs at law and entitled to distribution. In other words, it is not an action by an executor or trustee under a will, or by a legatee, devisee or cestui que trust under a will who may sue for a construction of a will without statutory limitations. The word 'construe', as used with reference to wills, means to determine the intention of the testator as set forth in an ambiguous but *lawful* provision of the will. In this action plaintiffs seek no such construction. They

challenge the residuary clause as void. If void, there is nothing to construe. This effort of plaintiffs to have the residuary clause ruled void is subject to statutory limitations." (Emphasis added.)

■ Section 474.520 provides that the court in which a will is probated shall have jurisdiction to construe it at any time during the administration. The thing to be construed is the will which was probated, all of it. Plaintiffs have no interest in the will which was probated. Any interest which plaintiffs otherwise might have would come into being only if a portion of the will is void. No appeal lies from an order admitting the will to probate. The only procedure for challenging the admission of the will to probate is by way of a will contest. This proceeding is an untimely attempt to contest the will.

■ This court holds that § 474.520 provides no basis for the instant proceeding because plaintiffs' petition did not seek a construction of the will which was probated and the petition was not filed by persons interested in the will.

■ Respondents have filed a motion requesting this court, under Rule 84.19, to determine that this appeal is frivolous and to award damages to respondents. In connection with that motion, this court has considered portions of the record in addition to those set forth earlier. Although the record lends some support to respondents' position, this court has concluded that the conduct of appellants and their counsel, of which the motion complains, is not to be commended but is not so flagrant as to support a determination that this appeal is frivolous. Respondents' motion is denied.

The judgment is affirmed.

CROW and GARRISON, JJ., concur.