Tom GILMORE, et al.,
Plaintiffs/Appellants,

v.

T. Joyce ERB, et al., Defen-
dants/Respondents.

No. 67173.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 27, 1995.

Nicholas J. Riggio, Sr., Anthony B. Ra-
mirez and Cynthia Smuda, St. Louis, for
appellants.

Stuart Oelbaum, Christine A. Gilsinan, Ra-
leigh Robinson, St. Louis, for respondents.

GRIMM, Chief Judge.

This is a probate matter. The decisive
issue is whether facts decided in a hearing to
admit a will collaterally estop relitigation of
those facts in a will contest. We hold that
they do not and therefore reverse and re-
mand.

### I. Background

On March 24, 1989, decedent executed a
will at her lawyer's office. She took posses-
sion of the will at that time. She kept it and
other important papers in a file folder in her
house.

Decedent died in a car accident on Novem-
ber 5, 1991. After several searches, her will
could not be found.

On April 13, 1992, defendants, recipients of
property under decedent's will, filed a "peti-
tion for admission of last will to probate and
for letters testamentary." They sought ad-
mission of a photocopy of the will.

On the same day, plaintiffs, her intestate
heirs, filed a motion and affidavit for the
disqualification of the probate judge under

§ 472.060.* This motion was granted and the case was transferred to circuit court Judge B.C. Drumm, Jr.

Judge Drumm held a hearing on May 18, 1992. After the hearing, the court determined that the evidence established a presumption of revocation. However, it ruled that the presumption had been successfully rebutted. On June 15, 1992, the court granted the petition and admitted the copy of the 1989 will to probate.

On December 22, 1992, plaintiffs filed a petition to contest the will. They claimed undue influence, lack of mental capacity, false representations, willful destruction of the will, and that the will was invalid. Defendants filed a summary judgment motion, claiming that the issues presently raised "have been previously decided" in the prior hearing.

Plaintiffs filed a cross motion for summary judgment. The trial court, Judge Emmett O'Brien presiding, granted defendants' motion on all of the claims except one which alleged that the will was invalid. After a bench trial, the court determined that the will was valid and ruled for defendants. Plaintiffs bring this appeal.

## II. Will Contest

In their first point, plaintiffs allege the trial court erred in granting summary judgment on the basis of collateral estoppel. They point out that they were prohibited by § 472.160.1(14) from appealing the admittance of the will to probate. Therefore, they argue, they are not bound by the facts as determined by Judge Drumm. Rather, they contend, they are permitted to contest those issues in a will contest pursuant to § 473.083.

On the other hand, defendants urge that collateral estoppel bars a will contest. They frame the question before us as whether plaintiffs "are entitled to file a will contest after the decision" in the first proceeding.

■ The right to appeal from a judge's decision while exercising probate jurisdiction is governed by § 472.160. "Orders admitting to or rejecting wills from probate" may not

be appealed. § 472.160.1(14). Rather, "a will contest is in effect an appeal" from the original order admitting or rejecting the will. *Weaver v. Allison*, 340 Mo. 815, 102 S.W.2d 884, 885 (Div. 1 1937); *Kinder v. Brune*, 754 S.W.2d 946, 948 (Mo.App.E.D.1988). The only procedure for challenging the admission of a will to probate is by way of a will contest. *In re Estate of Hutchins*, 875 S.W.2d 564, 568 (Mo.App.S.D.1994).

■ To avoid the application of these cases, defendants point out that §§ 472.160 and 473.083 only apply to matters in "the probate division of the circuit court." They contend that plaintiffs disqualified the regular judge of the probate division and the matter was transferred to a circuit court judge. As a result, they argue that those sections were not applicable and plaintiffs sole remedy was to appeal Judge Drumm's decision. We disagree.

■ When a judge of the probate division is disqualified, § 472.060 directs that the cause is to be transferred to another judge. The cause, however, maintains its probate character, and the judge exercises the function of the probate division. *See Gilboe v. Doerflinger Realty Co.*, 614 S.W.2d 4, 5–6 (Mo.App.E.D.1981).

Further, logic forces the conclusion that these sections are applicable to the facts before us. The regular judge of the probate division of the St. Louis County Circuit Court is a circuit court judge. If we adopted defendants' position, a party could not appeal his decision to this court to admit or reject a will to probate, but could appeal the decision of a coequal circuit judge who was not regularly assigned to the probate division.

Defendants urge *In re Schwidde*, 363 S.W.2d 585 (Mo.Div. 1 1963) supports their position. In *Schwidde*, the probate judge was disqualified and the case transferred to circuit court. *Id.* at 586. After that, the administrator was disqualified and the judge entered the order. *Id.* The administrator sought appeals in both the circuit court and supreme court. *Id.* The court held that

---

* All statutory references are to RSMo 1994.

appeal to the supreme court was proper since the judgment was from a circuit court. *Id.*

*Schwidde* is not applicable. At the time *Schwidde* was decided, the Missouri Constitution vested judicial power in the "supreme court, courts of appeal, circuit courts, probate courts, . . . ." Mo. Const. of 1945, Art. V, § 1. Probate courts had jurisdiction of all matters pertaining to probate. Mo. Const. of 1945, Art. V, § 16. Circuit courts had jurisdiction over certain civil and criminal cases, "and concurrent and appellate jurisdiction as provided by law." Mo. Const. of 1945, Art. V, § 14. Thus, when a case was transferred from probate court to circuit court, the case actually went from one constitutional court to another.

That situation changed when the people adopted a new judicial article in 1976. Under the new article, judicial power is vested in a supreme court, a court of appeals, and circuit courts. Mo. Const. of 1945, Art. V, § 1 (1976).

Probate court, as a court, no longer exists. Circuit courts have "original jurisdiction over all cases and matters, civil and criminal." Mo. Const. of 1945, Art. V, § 14 (1976). Thus, when §§ 472.160 and 473.083 refer to actions by "the probate division of the circuit court," the operable words are "circuit court." It could be argued that the words "probate division of the" are surplusage.

 Moreover, our courts have established a four-part test to determine the application of collateral estoppel. *See e.g. Miller v. Hubbert,* 804 S.W.2d 819, 820 (Mo.App. E.D.1991). The second consideration is whether there is a prior adjudication which resulted in a final decision on the merits. *Id.* A party who brings a will contest is entitled to a trial de novo. *Hutchins,* 875 S.W.2d at 568. Trial de novo is a statutorily created exception to the principle that judgments should be given preclusive effect. *See Stolfus v. Musselman & Hall Constr., Inc.,* 845 S.W.2d 565, 568 (Mo.App.W.D.1992). Accordingly, the initial probate action admitting or rejecting a will cannot be final for collateral estoppel purposes until the time to file for a will contest has run.

Also, the fourth consideration is "whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit." *Miller,* 804 S.W.2d at 820. When, as here, a party does not have the right to appeal the trial court's decision, that party has not had a full and fair opportunity to litigate the issue. Therefore, collateral estoppel does not apply. Point granted.

The trial court's summary judgment on plaintiffs' claim in paragraphs VIII, IX, X, XI, and XIII is reversed and the cause is remanded.

### III. Summary Judgment

■ In their second point, plaintiffs allege the trial court erred in denying their summary judgment motion. They allege that their motion shows that the accepted will was improper.

"Denial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment." *State v. Sure-Way Transp. Inc.,* 884 S.W.2d 349, 351 (Mo.App.W.D.1994). Point denied.

The trial court's judgment is reversed and remanded.

AHRENS and KAROHL, JJ., concur.