Thelma ARAMBULA, Appellant,

v.

Thomas Delyn ATWELL, Dorinda Atwell Meadows, and Donna Atwell Fannin, Respondents.

No. 22534.

Missouri Court of Appeals, Southern District, Division One.

May 10, 1999.

Motion for Rehearing or Transfer to Supreme Court Denied June 1 and July 2, 1999.

■

---

Brian G. Ellsworth, Ellsworth & Ellsworth, Cabool, for appellant.

John Alpers, Jr., Cabool, for respondents.

PARRISH, Judge.

Thelma Arambula (Thelma) appeals a judgment of the Probate Division of the Circuit Court of Texas County, Missouri, determining the heirs of Jessie Atwell (Jessie) who died April 7, 1992, while a resident of Zapata County, Texas. This court finds that the trial court was without authority to enter the judgment that has been appealed because there was an action pending in the Circuit Court of Texas County (Case No. CV8–98–52CC) to establish a will that the probate division of that court had refused to admit to probate. The judgment that is the subject of this appeal is vacated. The case is remanded with directions.

The parties to this appeal were before this court in *Arambula v. Atwell,* 948 S.W.2d 173 (Mo.App.1997) (*Arambula I*). *Arambula I* was an appeal of an action brought to set aside a deed to real estate in Texas County, Missouri. The real estate was owned by Jessie, but conveyed prior to his death to his children, Thomas Delyn Atwell (Delyn), Dorinda Atwell Meadows (Dorinda), and Donna Atwell Fannin (Donna) (collectively referred to as

respondents) under a power of attorney executed by Jessie naming Delyn attorney in fact. This court affirmed the part of the trial court's judgment setting aside the deed for the reason that Delyn breached the fiduciary obligation owed his father in conveying the real estate to himself and his sisters. *Id.* at 178. However, this court reversed the part of the judgment that ordered the Missouri land to be included in a probate estate that was proceeding in the state of Texas. *Arambula I* held that the foreign probate court had no jurisdiction over Missouri real estate. *Id.*

The action to set aside a deed that spawned *Arambula I* was brought by Thelma. *Arambula I* explains that Jessie met Thelma in 1981; that the two of them lived together in her home in San Ygnacio, Texas. At the time Jessie and Thelma met, Jessie was married to respondents' mother. They later divorced.

The following chronology preceded this appeal:

| | |
|---|---|
| July 27, 1992 | Jessie's will admitted to probate in County Court of Zapata County, Texas |
| July 21, 1997 | Petition seeking determination of Jessie's heirs and their respective interests in the Missouri real estate filed by respondents as Case No. CV997–70P in the Probate Division of the Circuit Court of Texas County (probate court) pursuant to § 473.663 [1] |
| August 11, 1997 | Affidavit executed by Thelma filed in probate court as Case No. CV997–74P, during course of administration of Jessie's domiciliary estate in Texas, requesting will dated February 21, 1992 (Jessie's will) be admitted to probate pursuant to §§ 473.050 and 473.097 accompanied by an authenticated copy of the order admitting the will to probate in Zapata County, Texas |
| August 11, 1997 | Order of probate court entered admitting Jessie's will to probate |
| August 11, 1997 | Thelma filed motion in Case No. CV997–70P to dismiss action for determination of Jessie's heirs – contended timely presentation of will for probate in Missouri precluded action for determination of heirs |
| September 22, 1997 | Probate court entered order in Case No. CV997–74P setting aside the order entered August 11, 1997, admitting will to probate |
| September 29, 1997 | Order by docket entry in Case No. CV997–70P denying Thelma's motion to dismiss and permitting responsive pleadings to be filed by October 9, 1997 |
| March 20, 1998* | "Petition to Establish Rejected Will" filed in Circuit Court of Texas County, Case No. CV8–98–52CC stating will of Jessie Wade Atwell was rejected for probate on September 22, 1997, and requesting the instrument be declared Jessie's last will and testament |
| April 13, 1998 | * Motion to Dismiss filed by respondents in Case No. CV8–98–52CC asserting "Petition to Establish Rejected Will" failed to state a cause of action on which relief could be granted |
| May 5, 1998* | Docket entry in Case No. CV8–98–52CC showing appearances by attorneys for the respective parties to the case and stating "motion to dismiss . . . heard and sustained effective May 15, 1998" |

---

**1.** References to statutes are to RSMo Supp. 1996 unless stated otherwise.

| July 9, 1998 | Judgment entered in Case No. CV997–70P declaring respondents to be the heirs of Jessie Wade Atwell and entitled to Missouri real estate owned by Jessie at time of his death; declaring admission of will to probate barred by "Section 473.675 RSMo. as amended" because Jessie's will "was not submitted to Probate in the State of Missouri for more than one year" after Jessie's death |

*Copies of documents from Case No. CV8–98–52CC were filed as part of the record on appeal in this case as "LEGAL FILE OFFERED BY RESPONDENTS"

---

Thelma contends the trial court erred by denying her motion to dismiss the petition for determination of heirs in Case No. CV997–70P and entering the July 9, 1998, judgment. She argues Jessie's will was timely presented for probate; that, therefore, the action to determine heirs was not cognizable under § 473.050.

Respondents answer that Thelma is improperly attempting "to establish the Will of Jessie Wade Atwell" by this appeal. They contend the document she asserts as Jessie's will was denied probate in the Probate Division of the Circuit Court of Texas County on September 22, 1997; that Thelma's "action to establish a rejected Will" directed to that document was denied May 15, 1998. Respondents argue that Thelma's remedy was to challenge the ruling in Case No. CV8–98–52CC; that she failed to do so and cannot now assert the failure of the probate court to probate the document presented as Jessie's will as a basis to reverse the judgment in Case No. CV997–70P.

Thelma replies that no judgment was rendered in Case No. CV8–98–52CC; that she may, therefore, attack the judgment that was entered in the action to establish Jessie's heirs on the basis that her motion to dismiss the action was improperly denied. Thelma's claim that no judgment was entered in Case No. CV8–98–52CC is directed to the purported disposition of that case by the following docket entry:

Plt appears by Mr Ellsworth; Def appears by Mr Alpers; Def's motion to dismiss is heard and sustained effective May 15, 1998.

The docket entry is handwritten. It is followed by what appears to be two or three letters that this court is unable to decipher. Immediately below the docket entry are the words, "Copy of docket Sheet [sic] to both attys".

■ Thelma's claim that no judgment was rendered in Case No. CV8–98–52CC is well taken. "A judgment is entered when a writing signed by the judge and *denominated* 'judgment' is filed." *City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997)(emphasis in original), *quoting* Rule 74.01(a).[2] No writing denominated judgment appears in the documents from Case No. CV8–98–52CC filed with this court as part of the record on appeal. Absent a judgment in Case No. CV8–98–52CC, the purported disposition of that case was not appealable. *Id.* Absent a judgment, the case has not been finally determined.

■ The issue thus becomes what effect the lack of finality of the purported disposition in Case No. CV8–98–52CC has on this appeal. Case No. CV8–98–52CC is an action contesting the determination by the probate court that Jessie's will could not be probated in Missouri. It was brought pursuant to § 473.083.1, RSMo 1994. It had the effect of an appeal de

2. The current text of Rule 74.01(a), that became effective July 1, 1998, provides, "A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed."

novo from the probate court's refusal to admit Jessie's will for probate. *Weaver v. Allison,* 340 Mo. 815, 102 S.W.2d 884, 885 (1937). It is "a solemn form of probating wills under our statute." 102 S.W.2d at 885. Until there is a final determination of Case No. CV8–98–52CC, the question of whether Jessie's will was timely presented for probate in Missouri is unresolved. Upon entry of a final judgment in that case, any party aggrieved thereby may appeal. *Albright v. Kelley,* 926 S.W.2d 207, 209 (Mo.App.1996); *Petersen v. Farberman,* 698 S.W.2d 554, 556 (Mo.App. 1985).

■ This is an appeal of a judgment purporting to establish heirs as permitted by § 473.663.1. One prerequisite to bringing such an action is that "no written will of such decedent has been presented for probate in this state" within applicable time periods. *Id.* Respondents are not entitled to maintain an action to determine heirs if a will has been timely presented for probate. The issue for determination in Case No. CV8–98–52CC is whether Jessie's will was timely presented in Missouri for probate. Unless there is a final determination in Case No. CV8–98–52CC that Jessie's will was not timely presented, respondents cannot maintain an action to determine Jessie's heirs.

There having been no judgment entered in Case No. CV8–98–52CC, this case was prematurely pursued in the trial court and prematurely determined by it. The trial court lacked authority to enter judgment in Case No. CV997–70P. The judgment it purported to enter in that case is, therefore, vacated. The case is remanded. The trial court is directed to dismiss the petition in that case.

PREWITT, P.J., and CROW, J., concur.