Paul E. BRYANT, Plaintiff–Respondent,

v.

Michael PRICE, Patricia Price, Willie Price, and Deloris Price, Defendants–Appellants.

No. 19111.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 22, 1995.

Daniel T. Moore, L. Joe Scott—Daniel T. Moore, Poplar Bluff, for defendants-appellants.

Bradshaw Smith, Van Buren, for plaintiff-respondent.

GARRISON, Presiding Judge.

Defendants appeal from an adverse judgment which established an easement by implication for a road across their property for the benefit of adjoining property owned by Plaintiff. The judgment also enjoined Defendants from obstructing the easement or preventing its use. For the reasons which follow, we reverse and remand.

Plaintiff owns approximately 30 acres which adjoin Defendants' one-acre tract on the north. A county road extends across the south side of Defendants' tract. The road in question extends in a north-south direction

across the east side of Defendants' property from the county road to Plaintiff's property on the north.

The entire 40–acre tract which contained Plaintiff's and Defendants' properties was purchased by C.O. Hilterbrand in February 1940. In November 1945, he sold five acres (including the one-acre tract now owned by Defendants) along the county road to Clint Hilterbrand and his wife. The road in question existed at that time and was being used by C.O. Hilterbrand for access to his remaining property on the north. C.O. Hilterbrand sold the remaining 35 acres to Floyd Hyatt[1] who owned it until his death in 1987. Plaintiff acquired the 35–acre tract in July 1987. Although the road was not mentioned in any of these conveyances, the evidence indicated that it had been used as access to what is now Plaintiff's property at least since 1945 when C.O. Hilterbrand sold the five acres to Clint Hilterbrand and his wife.

Plaintiff's petition described the properties owned by the parties; alleged that Defendants had obstructed the road, which was his only means of access, with vehicles, blocks and boards; and alleged the following:

[F]or more than 30 years the plaintiff, his tenants, and their predecessors in title, have used and maintained said driveway for the use and benefit and as a means of ingress and egress to and from plaintiff's land....

This driveway is and has been the only access to plaintiff's property.

Defendants raise two points on this appeal. Because we have determined that they are entitled to relief on the first point, we do not reach the second.

Defendants' first point is as follows:

The court erred in finding a road easement in favor of Plaintiff over the property of Defendants based upon the theory of easement by implication, as Plaintiff pled as the only basis for the easement the theory of easement by prescription, i.e., adverse use for more than 30 years as a means of ingress and egress, because the judgment went beyond the scope of the pleadings and any evidence to support the judgment constituted a fatal variance to the pleadings in which Defendants objected to said variance and did not consent to the trial on any issue not raised by the pleadings.

■■■ Both Rule 55.05[2] and § 509.050, RSMo Supp.1992, require that a pleading contain a short and plain statement of facts showing that the pleader is entitled to relief. It has been said that a petition is sufficient if it invokes principles of substantive law which entitle the plaintiff to relief and informs the defendant of what the plaintiff will attempt to establish at trial. *Kantel Communications, Inc. v. Casey,* 865 S.W.2d 685, 691 (Mo.App. W.D.1993). While it does not devolve upon the pleader to state the nature of his cause of action, he must give a plain and concise statement of facts from which the court will determine its nature. *Bishop v. Goldschmidt,* 436 S.W.2d 47, 50 (Mo.App.E.D. 1968). In fact, the jurisdiction of the trial court to enter a judgment rests on a pleading which states the theory of the case sufficiently to inform the adversary and the court about the questions presented for decision. *Osterberger v. Hites Const. Co.,* 599 S.W.2d 221, 230–231 (Mo.App.E.D.1980). In *Cook v. Bolin,* 296 S.W.2d 181 (Mo.App.S.D.1956), there was an issue about whether a pleading sufficiently pleaded an easement "appurtenant." The court said, at page 184: "The

1. Plaintiff states in his brief that Mr. Hyatt purchased the property in March 1945 but provides no citation to the record in support of that statement. The trial court also found that Mr. Hyatt purchased the 35–acre tract at that time. Our review indicates that there is nothing in the record before us to support that finding. To the contrary, Plaintiff's attorney, in questioning a witness, stated that "Mr. Hyatt owned the property, according to the exhibit accepted in evidence, from May of 1951 until July of 1987."

The same attorney hypothesized to another witness that Mr. Hyatt purchased the property in 1951. Mrs. Clint Hilterbrand testified that when they purchased the five acres in November 1945 from C.O. Hilterbrand, they were the first owners after he split up the property and that the remaining 35 acres were later sold to Mr. Hyatt.

2. All references to rules are to Missouri Rules of Civil Procedure (1992).

office of the pleadings is to define and isolate the issues to those controverted so as to advise the trial court and the opposite party of the issues to be tried...."

■ In the instant case, the petition essentially alleged that the road had been used and maintained by Plaintiff and his predecessors in title for ingress and egress for more than 30 years and that the road was the only access to his property. Similar allegations have been held to be sufficient to inform a defendant that the cause of action stated was one for a prescriptive easement. *Day v. Grisham*, 571 S.W.2d 473, 474 (Mo.App.E.D. 1978). Defendants in the instant case also contended that the petition pleaded only a prescriptive easement.

■ The elements of an easement by implication are: (1) unity and subsequent separation of title; (2) obvious benefit to the dominant estate and burden to the servient portion of the premises existing at the time of the conveyance; (3) use of the premises by the common owner in their altered condition long enough before the conveyance and under such circumstances as to show that the change was intended to be permanent; and (4) reasonable necessity for the easement. *Causey v. Williams*, 398 S.W.2d 190, 197 (Mo.App.E.D.1965). *See also Gerken v. Epps*, 783 S.W.2d 157, 160 (Mo.App.S.D. 1990); *Demaree v. Stewart*, 705 S.W.2d 632, 633 (Mo.App.S.D.1986); *Lackey v. Joule*, 577 S.W.2d 114, 116 (Mo.App.W.D.1978). Aside from the possibility that the last element was pled by the allegation that the road "is and has been the only access to Plaintiff's property," which we do not decide, the petition in the instant case did not allege facts from which it could reasonably be determined that the issues to be tried included that of an easement by implication.

In Plaintiff's opening statement, his counsel stated that the facts would warrant a finding of an easement on any of four theories, including that of an implied easement. In response, Defendants' counsel informed the trial court that only one theory of ease-

ment (prescriptive easement) had been pled and that they did not intend to consent to any variance between the petition and proof. Thereafter, Defendants objected to evidence which could be construed as supporting an easement by implication, including evidence concerning necessity for the easement, as well as any reason why C.O. Hilterbrand retained no easement when he sold the five acres through which the road was located. The trial court took the objections under advisement. By finding that there was an easement by implication, the trial court obviously overruled the objections and accepted the evidence.

■ Rule 55.33(b) permits the amendment of pleadings to conform to the evidence if an issue is tried by the express or implied consent of the parties. There is no indication in this record that Defendants consented to the trial of the case under the theory of an implied easement. Likewise, Plaintiff did not request leave to amend the pleadings to include that theory. Courts only have power to decide such questions as are presented by the parties in their pleadings. *UT Communications Credit v. Resort Dev.*, 861 S.W.2d 699, 707 (Mo.App.E.D.1993). Under the pleadings in the instant case, the trial court was confined to the sole issue of whether a prescriptive easement existed for the road.

■ Even though the trial court made no findings concerning the theory of a prescriptive easement, we may enter the judgment which should have been entered on that theory. Rule 84.14; *UT Communications Credit v. Resort Dev.*, 861 S.W.2d at 709. The exercise of the power to do so, however, presupposes a record and evidence upon which this court can perform that function with some degree of confidence in the reasonableness, fairness, and accuracy of its conclusion. *Taylor v. Coe*, 675 S.W.2d 148, 150 (Mo.App.S.D.1984). The absence of such record and evidence necessitates reversal and remand. *Id.*

■ To establish a prescriptive easement, it is necessary to show use that has been

continuous, uninterrupted, visible and adverse for a period of ten years. *Whittom v. Alexander–Richardson*, 851 S.W.2d 504, 508 (Mo. banc 1993). In *Whittom* the court also said that "[t]o be adverse the use does not need to be under a belief or claim of right that is legally justified. [Citation omitted.] All that is required for the use to be adverse is non-recognition of the owner's authority to permit or prohibit the continued use of the land." *Id.*

■ Permissive use of the property cannot ripen into an easement. *Burgess v. Sweet*, 662 S.W.2d 916, 918 (Mo.App.E.D.1983). If, however, the use has been open, continuous, visible and uninterrupted for ten years, a presumption is raised that the use was adverse and under a claim of right, and the burden to show that the use was in fact permissive rather than adverse is cast upon the landowner whose property would be burdened by the easement. *Id.*

■ The evidence was undisputed that the road had been used as access to what is now Plaintiff's property since at least November 1945 when C.O. Hilterbrand sold the five acres which included Defendants' property and the road. The evidence also indicated that such use had been open, continuous, visible and uninterrupted since that time. Marie Hilterbrand, one of the parties to whom C.O. Hilterbrand sold the five-acre tract, testified that he (C.O. Hilterbrand) used the road without permission being requested or given and that Floyd Hyatt continued to do so after he bought the 35 acres.

Apparently in an effort to defeat a prescriptive easement, Defendants presented evidence that use of the road had been permissive or the result of an agreement. One of the Defendants testified that in 1977 Mr. Hyatt told him that he had an agreement with the prior owners of what is now Defendants' tract to use the road and that Mr.

Hyatt asked for and received permission from him to continue that use. The evidence did not indicate when the original permission was allegedly granted.

■ Another Defendant testified that he told Plaintiff before he purchased his property that there was no easement across Defendants' property but gave him permission to use the road if he wanted to build a house. Permission to use a road given after an easement is already established by adverse use, however, has no legal effect. *Fenster v. Hyken*, 759 S.W.2d 869, 871 (Mo.App.E.D. 1988).

Defendants presented another witness who testified that Mr. Hyatt told him there was no easement to the road and "[a]ll I got was a handshake to use of the road," and that "whenever he bought the place he had a handshake with the Hilterbrands" without indicating which ones.[3] The witness later testified that Mr. Hyatt said that he believed his handshake agreement to use the road was with Oscar Hilterbrand.[4]

The above evidence, if believed, could indicate that Mr. Hyatt recognized someone else's authority to permit or prevent such use. If such an agreement was made before a prescriptive easement attached, it would support the premise that the use of the road by Mr. Hyatt was not adverse, thereby preventing his continued use from maturing into a prescriptive easement. If made after a prescriptive easement matured, it would have no effect on an easement which had already attached.

The question of whether Mr. Hyatt obtained an agreement to use the road from the owners of the land on which the road was located when he purchased the 35–acre tract is a matter involving credibility of witnesses which should be resolved by the trial court. Under these circumstances we conclude that, based on the record before us, we are unable

**3.** Note that if C.O. Hilterbrand sold the front five acres to Clint and Marie Hilterbrand and retained the remaining 35 acres prior to selling it to Mr. Hyatt, at one time people by the name Hilterbrand owned both tracts.

**4.** We assume that Oscar Hilterbrand and C.O. Hilterbrand were the same person.

to enter a judgment on the issue of a prescriptive easement and have confidence in its reasonableness, fairness, and accuracy. Accordingly, we must reverse the judgment and remand this case with directions to the trial court to enter such judgment on the issue of prescriptive easement as it deems appropriate under the evidence presented.

PREWITT and PARRISH, JJ., concur.