**EMPIREGAS, INC. OF ROLLA,**
Respondent,

v.

**Elbert WHITSON and Hallie
Whitson, Appellants.**

No. 19575.

Missouri Court of Appeals,
Southern District,
Division Two.

June 26, 1995.

Charles Bennett and Lee H. Bushie, Dietzmann & Bushie, Rolla, for appellants.

Edward D. Hoertel, Hoertel & Hoertel, Rolla, for respondent.

CROW, Judge.

Plaintiff, Empiregas, Inc. of Rolla, sued Defendants, Elbert Whitson and Hallie Whitson, for $11,432.47 allegedly owed by Defendants for propane gas supplied by Plaintiff to a mobile home park owned by Defendants. A jury returned an $8,000 verdict for Plaintiff, with interest at "9%." The trial court entered judgment per the verdict.

Defendants appeal. Their lone point relied on avers the trial court erred in basing the verdict-directing instruction on MAI 26.05 [1980 Revision], the pattern instruction for an action in quantum meruit. Defendants maintain Plaintiff's petition pled an action on account, hence the verdict-directing instruction should have been patterned on MAI 26.03 [1969 New], the pattern instruction for an action on account.

The part of the petition pertinent to Defendants' claim of error reads:

"3. At various days and times, and at the special insistence and request of Defendants, Plaintiff sold and delivered to Defendants certain goods and merchandise of the value and for the price of $11,432.47, the items of which, as well as the dates when the various articles were sold, and the prices charged therefore [sic], respectively, appear from the following bill of items attached hereto and collectively labeled as Exhibit A and incorporated herein by reference.

4. Plaintiff says the prices charged for said goods are, and were at the time when said goods were sold and delivered, reasonable and proper, and Defendants promised and agreed to pay the same, but though often requested to do so, they have failed and refused, and still fail and refuse to pay the same and every part thereof.

5. Plaintiff says it first demanded payment of said account of Defendants on the 18th day of October, 1983."

Attached to the petition is a five-page "printout" from a computer showing a multitude of fuel deliveries to Defendants' mobile home park, the dates thereof, the gallonage, and the prices.

Quantum meruit is based on a promise implied by the law that a person will pay reasonable compensation for valuable services or materials provided at his request or with his approval. *McCardie & Akers Construction Co., Inc. v. Bonney*, 647 S.W.2d 193, 194[2] (Mo.App.E.D.1983).

The petition here avers that at Defendants' insistence and request, Plaintiff sold and delivered to Defendants the propane fuel shown on the printout. The petition also avers the fuel was "of the value ... of $11,-432.47," and that Defendants refused Plaintiff's demand for payment. Although a petition in quantum meruit should allege the *reasonable* value of the services rendered or the goods furnished, omission of such an allegation is not fatal to the statement of a cause of action. *McCardie*, 647 S.W.2d at 194[3]. Consequently, absence of the adjective "reasonable" does not render the petition here insufficient to state a cause of action in quantum meruit.

The petition did not label the theory on which Plaintiff sought recovery; however, that is not required. *Bryant v. Price*, 893 S.W.2d 856, 858[1] (Mo.App.S.D.1995). A petition is sufficient if it invokes principles of substantive law which entitle the plaintiff to relief and informs the defendant of what the plaintiff will attempt to establish at trial. *Id.* at 858. Defendants do not contend they were surprised by Plaintiff's evidence.

Defendants' premise that the petition pled a cause of action on an account may be correct. However, we need not decide that. *Cf. Twin Bridges Construction Co., Inc. v. Ferner*, 700 S.W.2d 534, 536[2] (Mo.App.S.D. 1985). We hold only that the petition was sufficient to plead a cause of action in quantum meruit.

Instructions which fall within the fair implications of the pleadings are sufficient. *Kraus v. Kraus*, 693 S.W.2d 869, 873[2] (Mo. App.E.D.1985); *Clayton Brokerage Co. v. Pilla*, 632 S.W.2d 300, 305[6] (Mo.App.E.D. 1982).

Judgment affirmed.

GARRISON, P.J., and PREWITT, J., concur.