**Harold COFFMAN, Appellant,**

v.

**Nora POWELL, Respondent.**

No. 20377.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 23, 1996.

---

George D. Nichols, Nichols & Nichols, Lamar, for appellant.

Rebecca L. Elliston, Stockton, for respondent.

MONTGOMERY, Chief Judge.

Harold Coffman (Appellant) and Nora Powell (Respondent) shared Respondent's home from January 1992 until June 1993. Throughout the period of cohabitation Appellant brought various items of personal property to the residence. Much of this property remained in Respondent's home after Appellant moved out.

On September 30, 1994, Appellant filed a replevin action seeking return of the personal property he left with Respondent "for storage and safekeeping." Appellant prayed for damages in the amount of $25,830 if delivery

of the property was not possible. Respondent filed a counterclaim seeking the return of her personal property and reimbursement for various expenses incurred during the period of cohabitation.

The trial court heard the case on May 23, 1995. On June 23, 1995, the court entered judgment for Appellant on his claims. The court ordered Respondent to return the items still in her possession and entered judgment for $4200 against her for the items that she was unable to return. With respect to Respondent's counterclaim, the trial court ordered Appellant to return Respondent's personal property and granted judgment against him in the amount of $3700. The court noted that neither party requested findings of fact or conclusions of law and, therefore, the judgment contained none.

In Appellant's sole point on appeal, he contends the trial court erred in awarding him $4200 for the converted property because the only evidence of value far exceeded this amount.

■ In a court-tried case, the reviewing court affirms the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976); *Witeka v. Director of Revenue,* 913 S.W.2d 438, 440 (Mo.App.1996). Appellant argues that there was no substantial evidence to support a valuation of $4200 for his unreturned property. The evidence adduced at trial follows.

Appellant terminated his relationship with Respondent and moved out of her residence in June 1993. During the relationship, Appellant kept much of his personal property at Respondent's home. He did not attempt to remove the majority of his property until December 1993. By this time Respondent had sold some items and could not account for the location of other items. She refused to return several pieces of furniture that she considered gifts. The court ordered the return of the furniture, and it is not at issue in this appeal.

At trial, Appellant gave a description of the personal property at issue, the price he paid for some items, and his estimate of the current value or "worth" of each item as follows:

| ITEM | PAID | | VALUE |
|---|---|---|---|
| Makita miter box | $ 400.00 | | $ 350.00 |
| Metal cut off saw | 225.00 | | 195.00 |
| Echo weed eater | | | 225.00 |
| 10' john boat | | | 175.00 |
| 27" Motorola color TV | | | 375.00 |
| VCR | | | 150.00 |
| 650 John Deere 4-wheel drive tractor | 1500.00 | | 8000.00 |
| 6' 3-point rear mower | 1745.00 | | 1700.00 |
| 4' John Deere brush hog | | | 450.00 |
| 1921 Model T 1-ton truck | 1600.00 | | 5000.00 |
| 1963 Triumph motorcycle | 600.00 | | 3400.00 |
| David White water level | 250.00 | | 195.00 |
| Microwave oven | 125.00 | | 100.00 |
| 2-drawer night stand | | | 50.00 |
| 22" Murray lawn mower | 110.00 | (approx.) | 100.00 |
| 16" McCullough chainsaw | 150.00 | (approx.) | 100.00 |
| Battery charger | 80.00 | (approx.) | 50.00 |
| 24' Extension fiberglass ladder | 400.00 | | 350.00 |

In addition to his own testimony, Appellant offered the expert testimony of Dennis Campbell, owner of the Case-International dealership in Springfield, Missouri. Campbell testified that a John Deere 650 tractor, like Appellant's, had a fair market value of approximately $7000. Appellant also offered expert testimony concerning the value of the 1963 Triumph motorcycle. Appellant's expert opined that the motorcycle would be worth approximately $3400 if it were in excellent condition and retained the original seat cover and paint.

Respondent could not account for the location of some of the listed items. She testified that she thought Appellant removed most of the items in December of 1993. She admitted she sold the John Deere tractor, the 1921 Model T one-ton truck, and the Triumph motorcycle. She placed these items in her front yard and sold them for $3800 cash. She offered no other evidence of the value of these items.

After the hearing, the trial court entered judgment in the sum of $4200 against Respondent for the conversion of Appellant's above-listed personal property. The judgment does not suggest how the trial court determined that the fair market value of the converted items amounted to $4200 nor does it specify the value of each item included in that amount.

█ Generally, due deference must be given to the trial court's resolution of conflicting evidence. *Estate of Hatten v. Mercantile Bank of Springfield*, 884 S.W.2d 326, 329 (Mo.App.1994). Where there is a conflict in evidence of property value, deference must be given to the trial judge's resolution of the conflict. *Schelsky v. Schelsky*, 796 S.W.2d 888, 893 (Mo.App.1990). In this case, however, the only evidence of value, other than sales price, was presented by Appellant.

█ By Respondent's own admission, she converted some of Appellant's personal property to her own use and sold it. The proper measure of damages for the conversion of personal property is the fair market value at the time and place of the conversion. *Alpine Paper Co. v. Lontz*, 856 S.W.2d 940, 944 (Mo.App.1993). "Fair market value" is defined as " 'the price which property will bring when it is offered for sale by an owner who is willing but under no compulsion to sell and is bought by a buyer who is willing or desires to purchase but is not compelled to do so.' " *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 425 (Mo.App.1973) (citing *Carter v. Matthey Laundry & Dry Cleaning Co.*, 350 S.W.2d 786, 794 (Mo.1961)). Respondent's sales price evidence fails to meet this standard.

Other than offering her opinion that she received a fair price, Respondent did not offer other evidence to suggest she received the fair market value for the truck, motorcycle, and tractor at the time and place she sold them. The price Respondent received for the items is not evidence of a price at which a willing owner would sell.

█ Appellant and his experts testified that the property in question had a value far exceeding that which the trial court settled upon. Respondent testified that she received only $3800 for the truck, motorcycle, and tractor she sold. It is her opinion that the sales price serves as evidence of the fair market value of such property. While an owner of property may establish the value of such property through his opinion testimony, *DeLong v. Hilltop Lincoln–Mercury, Inc.*, 812 S.W.2d 834, 841 (Mo.App.1991), Respondent was not the owner of the property in question.

█ The trial court is entitled to believe all, part, or none of the testimony of any witness. *Hugenel v. Estate of Keller*, 867 S.W.2d 298, 302 (Mo.App.1993). The judge was not required to believe the values assigned by Appellant or his expert witnesses. Evidently the judge found Appellant's valuation evidence inflated. It is true in a court-tried case the trial judge is free to make a finding of value within the range of values testified to at trial. *Theilen v. Theilen*, 847 S.W.2d 116, 118–19 (Mo.App.1992); *Howerton v. Howerton*, 796 S.W.2d 665, 667 (Mo.App.1990).

█ One of the problems in this case is that the trial court appears to have assigned an arbitrary value below the range presented due to disbelief of Appellant's valuation evidence. From the record we must conclude that the sales price erroneously formed the basis for the judgment.

Another problem is that the judgment does not decide the fair market value of each of the above-listed items. The judgment simply lists the items and finds that the collective fair market value is $4200.

█ It is the duty of this court to dispose finally of the case unless justice otherwise requires. Rule 84.14. "That duty, however, presupposes a record and evidence upon which this court can perform that function with some degree of confidence in the reasonableness, fairness, and accuracy of its conclusion. When such record and evidence are not presented, 'reversal and remand necessarily follow.' " *Taylor v. Coe*, 675 S.W.2d 148, 150 (Mo.App.1984).

█ In this case reversal and remand are required. This court cannot enter judgment in favor of Appellant using the values he presented at trial with a degree of confidence in the reasonableness, fairness, and accuracy of such judgment. The trial court was in a better position to view the credibility of the parties. While the trial court concluded Appellant was entitled to recover, the court clearly did not find Appellant's evidence on damages to be credible. Nonetheless, there

is insufficient evidence within the record to support the judgment for $4200. Accordingly, we reverse the judgment as to Appellant's damages and remand the cause for a new trial on that issue only.[1] *See Bridgeforth*, 490 S.W.2d at 426.

CROW, P.J., and PARRISH, J., concur.

1. Upon remand, the parties should be mindful that "[n]either original cost nor [Appellant's] subjective opinions as to 'value' or 'worth' of

used articles of personalty may be equated with or substituted for 'fair market value.' " *Bridgeforth*, 490 S.W.2d at 425.