Timothy KICKHAM, Plaintiff/Appellant,

v.

Stanley GARDOCKI and Gloria Gardocki, Defendants/Respondents.

No. 72154.

Missouri Court of Appeals, Eastern District, Division Three.

April 7, 1998.

Patrick O. Boyle, St. Louis, for plaintiff/appellant.

Ronald J. Brockmeyer, St. Charles, for defendants/respondents.

CRANDALL, Judge.

Plaintiff, Timothy Kickham, appeals from the judgment of the trial court, in a court-tried case, in his favor on his action for replevin of a boat and trailer and in favor of defendants, Stanley and Gloria Gardocki, on their counterclaim for storage fees. We affirm in part and reverse and remand in part.

Kickham brought an action in replevin for the return of his boat and trailer (hereinafter boat), which was stored at a storage lot owned and operated by the Gardockis and known as Stan's Self Storage (hereinafter facility). During the winters of 1989–1990 and 1990–1991, Kickham had stored the boat at the facility under written contracts for outside storage. In November 1991, he left the boat on the lot of the facility, which was unattended at the time. He did not sign a contract for storage then or at any time thereafter. On several occasions following his leaving his boat at the facility, he attempted to check on the boat; but was unable to do so because the facility was locked and unattended. Kickham did not pay storage fees after November 1991. In October 1994, he saw a "For Sale" sign on the boat. Upon requesting the return of the boat,

Kickham learned that the Gardockis had acquired title to it.

Kickham brought this replevin action against the Gardockis, seeking in the alternative the return of the boat or its fair market value ($10,000.00 prior to the damage sustained in storage). In their answer, the Gardockis alleged they were the owners of the boat because Kickham had abandoned it. In their counterclaim, they averred Kickham owed them $16,380.00 in storage fees, interest, and court costs. They alleged they had moved the boat into inside storage where it was better protected and they wanted Kickham to pay for the increased cost of inside storage.

The trial court found in favor of Kickham on his replevin action and awarded him damages of $6,000.00. The court also found in favor of the Gardockis on their counterclaim for storage fees and awarded them $4,800.00 in damages.

Kickham appeals from the judgment of the trial court, challenging its measure of damages not only for his replevin claim but also for the Gardockis' counterclaim. In reviewing the judgment in a court-tried case, we are guided by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The appellate court will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. The trial court is entitled to believe all, part, or none of the testimony of any witness. *Coffman v. Powell,* 929 S.W.2d 309, 312 (Mo.App. S.D.1996). The trial court has the prerogative to make a finding of value within the range of values testified to at trial. *Id.* Against this backdrop, we review the points on appeal.

In his first point, Kickham claims error in the amount of damages awarded by the trial court on his replevin action. Rule 99.12 states that when the court finds that one not in possession is entitled to possession, the court shall determine the value of the property and may assess damages for the taking, detention, or injury. The party entitled to possession has the option of accepting

the return of his property or its cash value. Rule 99.12.

Here, Kickham's own expert, who was a boat salesman and mechanic, testified that the value of the boat in "good running condition" was between $9,000.00 to $10,000.00 at the time of trial. He also testified that, after examining the boat, his estimate to repair the boat so that it was in running condition was $3,995.00. In addition, Kickham in his petition stated that the value of the boat prior to the damage was $10,000.00. In view of the record, the trial court did not err in determining that the fair market value of the boat at the time of trial was $6,000.00, a figure which represented the value of the boat in good running condition ($10,000.00) less the amount required to get it into that condition (approximately $4,000.00). Kickham's first point is denied.

■ In his second point, Kickham contends the trial court erred in awarding the Gardockis $4,800.00 on their counterclaim for storage fees, because the evidence in the record did not support this amount. He argues the implied contract for indoor storage could not replace the specific terms of the express contracts for the less expensive outdoor storage for the winters of 1989–1990 and 1990–1991. Kickham claims the $15.00 monthly charge for outdoor storage in the previous contracts should be used to determine his rental costs and admits liability for 31 months of storage, for a total of $465.00.

■ Although the Gardockis did not label their counterclaim as such, the averments in the petition pleaded an action in quantum meruit. See Empiregas, Inc. of Rolla v. Whitson, 902 S.W.2d 347, 348 (Mo.App. S.D. 1995). Quantum meruit is based on a promise implied by the law that a person will pay reasonable compensation for valuable services or materials provided at his request or with his approval. Id. Here, the Gardockis pleaded that Kickham placed his boat at their facility, that the storage had a reasonable value of $16,380.00, and that Kickham had refused to pay the storage fees requested by them,. See Moore v. Campbell, 904 S.W.2d 378, 383 (Mo.App. W.D.1995). In an action brought under quantum meruit, the Gardockis had the burden of establishing the

reasonable value of the storage services requested and accepted by Kickham. See Mills Realty, Inc. v. Wolff, 910 S.W.2d 320, 322 (Mo.App. E.D.1995).

The Gardockis' evidence at trial consisted of their employee's testimony that the charges for indoor storage ranged from $200.00 per month in 1990 to $250.00 per month in 1995 and the outdoor storage fees at the time of trial were $30.00 per month. In addition, she testified that there were late fees assessed for the nonpayment of storage fees. Kickham testified that pursuant to prior express contracts for the outside storage of his boat the monthly charge was $15.00.

We have reviewed the record and find there was not substantial evidence to support the trial court's award of damages in the amount of $4,800.00. Although the trial court did not designate that it was awarding storage fees based upon indoor storage rates, the amount awarded by the trial court exceeded the amount for outdoor storage as established by the evidence. There was no evidence that Kickham requested or acquiesced to indoor storage, based not only on his previous contracts for storage at the same facility but also on the fact he left the boat on the outside lot of the facility in November 1991. In addition, the award of damages did not fall within the range of values presented at trial for the outdoor storage of the boat. While the trial court properly concluded that Kickham was liable to the Gardockis for storage fees for his boat, there was insufficient evidence within the record to support the judgment for $4,800.00 Kickham's second point is granted.

The judgment of the trial court is affirmed in part and reversed in part and the cause is remanded for an award of damages on the Gardockis' counterclaim consistent with this opinion or, in the alternative, a new trial on the counterclaim.

AHRENS, P.J., and KAROHL, J., concur.