Alvin MACKEY, Plaintiff–Respondent,

v.

Steven G. GOSLEE, Defendant–Appellant.

No. 28285.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 2008.

Jeffrey W. Laney, Springfield, for Appellant.

Raymond M. Gross, Gainesville, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Alvin Mackey ("Respondent") brought suit against Steven G. Goslee ("Appellant") for conversion of a trailer and personal property on or about January 27, 2003, in Wright County, Missouri. After a bench trial, a judgment was entered in favor of Respondent for actual damages of $14,000 and punitive damages of $2,500. Appellant challenges the sufficiency of the evidence to support a finding of conversion and claims a misapplication of the law in determining actual and punitive damages. We find that though the trial court properly determined that Appellant is responsible for the conversion of Respondent's property, the trial court did err in their determi-

nation of actual damages and, thus, both the actual and punitive damage awards must be reversed.

The record indicates that in January of 2003, Appellant and Respondent had a conversation regarding a bill that Respondent owed Appellant and had not paid; however, Respondent was on his way to an appointment and did not have time to discuss the matter thoroughly. According to Respondent's testimony, Appellant then made a threatening statement that "I [Appellant] will do whatever I have to do to protect my interest." Respondent then left his home and when he returned a few hours later, a trailer he owned was missing from his property along with the items that were on the trailer. On the day the trailer was taken, Respondent filed a police report that included information about the trailer and the additional personal property taken along with the trailer.

At trial, the trailer was described as a twenty-seven foot trailer with twenty feet of bed space. The trailer was a custom-built, heavy duty, all metal, twelve-ton trailer built for hauling industrial equipment such as backhoes, dozers, etc. Respondent built the trailer himself and testified that it was patterned after one designed by Bruce Kaylor, who testified at trial. The trailer was approximately twenty years old and had been used by Respondent in the course of his business.

The trailer, which had the tongue severed with a cutting torch, was discovered by law enforcement in July of 2004 at a business owned by Appellant and his wife. The items that were on the trailer when it was taken were not recovered. Respondent, on the day the trailer was taken, contacted local suppliers and priced the items that had been on the trailer. Those values, quoted by the suppliers of the items, were given in trial as "the replacement value" on or about the date of conversion. Two months prior to trial, in April of 2006, Respondent priced steel trailers; he found one for sale in Texas for over $13,000 that would be suitable.

In a court-tried case, the reviewing court affirms the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Schubert v. Trailmobile Trailer, L.L.C.*, 111 S.W.3d 897, 899 (Mo.App. S.D.2003). This Court gives due regard to the opportunity of the trial court to have judged the credibility of the witnesses as the trial court is free to believe or disbelieve all, part, or none of the testimony of any witness. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989). When determining the sufficiency of the evidence, an appellate court will accept as true the evidence, and inferences from the evidence, that are favorable to the trial court's judgment and disregard all contrary evidence. *Morgan v. Morgan*, 701 S.W.2d 177, 179 (Mo.App. S.D.1985).

Appellant initially challenges the sufficiency of the evidence supporting a finding of conversion. Conversion is the unauthorized assumption of the right of ownership over another's personal property to the exclusion of the owner's rights. *Bell v. Lafont Auto Sales*, 85 S.W.3d 50, 54 (Mo.App. E.D.2002). Conversion requires an intentional exercise of dominion or control over property that so seriously interferes with the owner's right of control that the interferer may justly be required to pay the owner the full value of the property. *Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 597 (Mo.App. E.D.2000). Conversion can be proven by establishing:

(1) a tortious taking; (2) any use or appropriation to the use of the person in possession, indicating a claim of right in

opposition to the true owner's rights; or (3) by a refusal to give up possession to the owner on demand, even though the defendant's original possession of the property was proper.

*R.J.S. Sec., Inc. v. Command Sec. Services, Inc.,* 101 S.W.3d 1, 15 (Mo.App. W.D.2003).

Conversion has also been found to require the following three elements: (1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession.

*Id.* at 15 n. 6 (*citing JEP Enterprises, Inc. v. Wehrenberg, Inc.,* 42 S.W.3d 773, 776 (Mo.App. E.D.2001)).

The evidence presented in this case is that (1) Appellant spoke with Respondent on the day the trailer went missing about some outstanding debt, (2) the conversation ended when Appellant made "threatening" remarks, (3) the trailer was eventually recovered at Appellant's place of business, and (4) the trailer was returned damaged and unusable. A review of the transcript reveals that Appellant and Respondent had an ongoing business relationship and it is a reasonable inference, in light of the judgment, that Appellant knew the trailer was necessary to Respondent's livelihood. It is further a reasonable inference that the trial court could have found that Appellant intended to convert the trailer and equipment in order to pressure Respondent to pay his debt. Although there was no direct evidence that Appellant was responsible for the conversion of Respondent's property, the circumstantial evidence is clear; therefore, reviewing the record and all reasonable inferences therefrom in light of the judgment of the trial court, we find that

there was sufficient evidence to support a finding of conversion. On the issue of conversion liability, the judgment of the trial court is affirmed.

■■■■ Appellant next challenges the evidence supporting the award of damages for conversion. The measure of damages for the conversion of personal property is the fair market value at the time and place of the conversion. *Coffman v. Powell,* 929 S.W.2d 309, 312 (Mo.App. S.D.1996).

"Fair market value" is defined as "the price which property will bring when it is offered for sale by an owner who is willing but under no compulsion to sell and is bought by a buyer who is willing or desires to purchase but is not compelled to do so."

*Id.* (*quoting Bridgeforth v. Proffitt,* 490 S.W.2d 416, 425 (Mo.App. 1973)). When property that is detained by the defendant for a period of time is subsequently recovered by the plaintiff, the measure of damages is the difference between the value of the property at the time of conversion and the value at the time of return, plus reasonable value for the loss of use during the period of detention. *Lacks v. R. Rowland & Co. Inc.,* 718 S.W.2d 513, 520 (Mo.App. E.D.1986).

The only evidence as to the value of the trailer came from Respondent's testimony that he priced trailers two months before the trial and found a trailer, which was suitable for his needs, in Texas, which would have cost approximately $13,000. Respondent did not present any evidence as to the age or condition of the trailer in Texas, or any other trailer he may have found, that might have helped the trial court ascertain the fair market value of the converted trailer at the time of the conversion. There simply was not any evidence as to the condition of the converted, twenty-year-old trailer at the time of conversion and there was no comparison made at

trial between the Texas trailer and the converted trailer. It is clear that replacement value alone was insufficient for the court to determine the measure of damages for conversion of the trailer at the time of the conversion. The trial court was required to determine the fair market value of the converted property at the time of the conversion or within a reasonable time of the conversion. *Bell*, 85 S.W.3d at 55.

Although this Court must view the evidence in the light most favorable to the judgment and disregard all contrary evidence, this Court finds that there is simply not enough evidence on the record to adequately determine whether the trial court could infer the fair market value of the converted trailer at the time of conversion from the "replacement value" testimony at trial. The trial court erred in relying on the replacement value of the converted trailer two months before trial, which was almost three years after the conversion. To be clear, we are not saying that the owner could not have testified that the trailer in Texas was comparable in age, function, make, model or value to the converted trailer. He simply did not do so at trial.

Additionally, when the converted item is recovered by the true owner, the measurement of value is the difference between the value of the property at the time of conversion and the value at the time of return, plus reasonable value for the loss of use during the period of detention. *Lacks*, 718 S.W.2d at 520. As there was not evidence of the value of the returned trailer, which may have had scrap value, it cannot be said that the trial court considered the value of the trailer at the time of its return when determining the amount of damages. Furthermore, the trial court did not allow evidence to be presented on the possibility of financial loss of use due to the loss of the trailer, thus, there was no evidence concerning the loss of use during the period of detention.

 Respondent argues that, even if a case had not been made as to the traditional damages, the trailer could have been classified as "unique" property under Missouri law. Damages for "unique" property most often contemplates the value of sentimental items such as family heirlooms and pictures, or property that served a special purpose such as churches and school yards. *See Ladeas v. Carter*, 845 S.W.2d 45, 53–54 (Mo.App. W.D.1992); *Leonard Missionary Baptist Church v. Sears Roebuck and Co.*, 42 S.W.3d 833, 836–37 (Mo.App. E.D.2001). Unique personal property cannot be valued in the same manner as common personal property because there may not be a market for such items, and often the items have more value to the owner than anyone else. *See Ladeas*, 845 S.W.2d at 53–54; *Leonard*, 42 S.W.3d at 836–37.

Although the record indicates that Respondent did craft much of the trailer by hand, there was also evidence that there were trailers, other than the trailer in Texas, that would have suited Respondent's business needs and that those trailers were for sale "up and down the road." This evidence indicates there is a market for the type of trailer converted in this case; therefore, it does not meet the definition of unique property. The proper measurement of damages for the trailer was that of fair market value for personal property.

Likewise, Appellant failed to provide adequate evidence of the fair market value of the items on the trailer. The only evidence presented at trial as to the value of the personal property located on the trailer was Respondent's testimony that, in January, near the time when the property was converted, he made many phone calls

to determine how much it would cost to "replace" the items. These values were recorded and admitted as Plaintiff's Exhibit 1. No evidence was elicited as to the condition of each of the items except to say that they were all items that were replaced on a routine basis "because they wear out." Had Respondent testified more specifically as to the condition of each item on the trailer at the time of conversion, it would have been enough for the trial court to make an accurate finding as to fair market value. The record is clear that the values listed on Exhibit 1 represent the amount it would cost to replace each of the items. As with the trailer, replacement value does not suffice. Therefore, the judgment is reversed and the case is remanded with directions to have a new trial on damages only.

We will not reach Appellant's second point regarding the award of punitive damages; the reversal of the award for actual damages necessitates the reversal of the award of punitive damages because there can be no recovery for punitive damages unless actual damages are also recovered. *Weldon v. Town Properties, Inc.*, 633 S.W.2d 196, 199 (Mo.App. E.D.1982). On remand, the trial court will have the opportunity to determine if there are actual damages in this case and may then assess punitive damages. Therefore, the award of punitive damages is also reversed and remanded for proper consideration.

In conclusion, the portion of the judgment regarding liability for the conversion of the trailer and the items on that trailer is affirmed; the case is further reversed and remanded with directions for a new trial on damages only.

LYNCH, C.J., BATES, J., concur.