**Thu–Nga T. DILLS, Respondent,**

v.

**John Ben DILLS, Appellant.**

**No. SD 29234.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 27, 2010.

David G. Neal, Eminence, for Appellant.

Jeri Leigh Caskey, Alton, for Respondent.

ROBERT S. BARNEY, Judge.

John Ben Dills ("Appellant") appeals the judgment of the trial court which denied his four counterclaims filed against Thu-Nga Dills ("Respondent"). Appellant asserts one point relied on centering on his allegation that the trial court erred as a matter of law in finding that he failed to make his "Burden of Proof" on each of his counterclaims.

"This Court's review of the trial court's judgment is governed by Rule 84.13(d),[1] and will be affirmed unless it is

---

1. All rule references are to Missouri Court Rules (2009).

not supported by substantial evidence, is against the weight of the evidence, or erroneously applies the law." *Myers v. Myers,* 47 S.W.3d 403, 406 (Mo.App.2001); *see Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[2] In our review, this Court defers to the trial court in issues of witness credibility and "'accepts as true the evidence and inferences favorable to the trial court's judgment, disregarding all contrary evidence.'" *Kleeman v. Kingsley,* 167 S.W.3d 198, 202 (Mo.App.2005) (quoting *Behr v. Bird Way, Inc.,* 923 S.W.2d 470, 472 (Mo.App.1996)). "The trial court is entitled to believe all, part, or none of the testimony of any witness." *Kickham v. Gardocki,* 966 S.W.2d 361, 362 (Mo.App.1998). "An appellate court should set aside a judgment with caution and only with a firm belief that it is against the weight of the evidence." *Myers,* 47 S.W.3d at 406. The phrase "weight of the evidence," for purposes of review of a bench tried case, "means its weight in probative value, not the quantity or amount of evidence." *Lee v. Hiler,* 141 S.W.3d 517, 525 (Mo.App.2004). Where the trial court does not include findings of facts in its judgment, and neither party requests them, all factual issues must be assumed to have been found in accordance with the results reached. *Carolan v. Nelson,* 226 S.W.3d 923, 925 (Mo.App.2007). "The trial court judgment is presumed correct" and this Court affirms the judgment of the trial court "under any reasonable theory supported by the evidence." *GMAC v. Crawford,* 58 S.W.3d 529, 532 (Mo.App.2001).

Viewing the evidence in the light most favorable to the trial court's judgment, as we must, *id.,* the record reveals Appellant and Respondent were romantically involved from approximately 1990 until some point in time in 2001 when the relationship ended. In January of 2002, Respondent filed a "Petition for Replevin" against Appellant in which she sought the return of certain personal items she asserted he had wrongfully retained. Appellant then filed counterclaims against Respondent requesting damages for breach of express contract, breach of implied contract, breach of fiduciary duty, and quantum meruit. After a court tried case, the trial court found that Respondent "presented no evidence with regard to value and therefore, judgment for replevin is not allowed. In addition, [Respondent] failed to meet her burden with regard to possession of the remaining items pleaded." As to Appellant's counterclaims, the trial court found:

> [Appellant] has failed to meet his burden of proof with regard to all four counts. In so finding, the Court notes specifically that [Appellant] had the burden to prove the terms of an alleged express contract and he failed to do so. In addition, the [c]ourt was unable to ascertain with any degree of certainty what amount of value, if any, should be placed on [Appellant's] contributions to the construction of [Respondent's] house.

Accordingly, the trial court granted no recovery for either party except that costs were assessed against Respondent. This appeal followed.

Appellant's sole point relied on states verbatim:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT [APPELLANT] HAD NOT MET HIS 'BURDEN OF PROOF,' *i.e.* FAILED TO MAKE A SUBMISSIBLE OR PRIMA FACIE CASE, ON EACH OF THE FOUR COUNTS OF HIS COUNTERCLAIM, BECAUSE A COURT'S FINDINGS,

**2.** *Murphy* interpreted the provisions of then Rule 73.01(c).

EVEN THOUGH VOLUNTARILY MADE, ARE SUBJECT TO REVIEW AND REVERSAL IF IN ERROR, AND CONSIDERING THEY ADDRESS THE SUFFICIENCY RATHER THAN THE WEIGHT OF THE EVIDENCE, ARE LEGAL DETERMINATIONS AND THUS SUBJECT TO *DE NOVO* REVIEW BY THIS COURT, AND THOSE FINDINGS ERRONEOUSLY CONCLUDED THAT [APPELLANT'S] PROOF FELL SHORT OF ESTABLISHING ALL THE REQUIRED ELEMENTS NECESSARY TO SUPPORT A JUDGMENT, WHEN HIS EVIDENCE WAS NOT DEFICIENT IN THAT MANNER, IN THAT:

I. AS TO COUNT I UPON AN EXPRESS CONTRACT, THE JUDGE FOUND CERTAIN TERMS, ALT[H]OUGH NOT IDENTIFIED, WERE NOT PROVEN, BUT BOTH PARTIES AGREED A CONTRACT EXISTED AND EVEN AGREED ON THE ESSENTIAL TERMS—A POOLING OF RESOURCES AND AN EQUAL DIVISION OF THE PROFITS—AND ANY MISSING OR VAGUE TERMS SHOULD HAVE BEEN SUPPLIED OR CLARIFIED BY THE COURT BECAUSE, AS HERE, A CONT[R]ACT MAY NOT FAIL FOR WANT OF DEFINITENESS WHEN ONE OF THE PARTIES HAS SECURED THE BENEFIT OF PERFORMANCE, AND [RESPONDENT] HAD ALREADY RECEIVED THE BENEFIT OF MORE THAN 12 YEARS OF [APPELLANT'S] UNCOMPENSATED LABOR;

II. AS TO COUNT II FOR IMPLIED CONTRACT, ESTABLISHED AUTHORITY MAKES IT CLEAR THAT WHERE PERSONS LIVE TOGETHER AS HUSBAND AND WIFE, AL-THOUGH UNMARRIED, AND JOINTLY ENGAGE IN BUSINESS VENTURES OVER A NUMBER OF YEARS UPON AN 'UNDERSTANDING' THEY WILL SHARE IN THE BENEFITS, JUST AS IT HAPPENED IN THIS CASE OVER A 12 YEAR SPAN, A VALID CLAIM IS MADE IN IMPLIED CONTRACT;

III. AS TO COUNT III FOR BREACH OF FIDUCIARY DUTY, ESTABLISHED AUTHORITY MAKES IT CLEAR THAT WHEN PERSONS LIVE TOGETHER AND POOL THEIR FUNDS, AS IN THIS CASE, A FIDUCIARY RELATIONSHIP ARISES AND THAT WHEN [RESPONDENT] TOOK CONTROL OF [APPELLANT'S] EARNINGS AND DIVERTED THEM TO HER OWN USE IT CONSTITUTED A BREACH OF THAT FIDUCIARY RELATIONSHIP AND CREATED A VALID CAUSE OF ACTION; AND

IV. AS TO COUNT IV FOR QUANTUM MERUIT, THE JUDGE FOUND [APPELLANT] HAD NOT PROVEN WITH REQUISIT[E] 'CERTAINTY' THE VALUE OF HIS CONTRIBUTIONS IN LABOR TO THE CONSTRUCTION OF [RESPONDENT'S] HOME, BUT [APPELLANT] TESTIFIED HE HAD DEVOTED 2787 HOURS TO THAT PROJECT AND HE FIGURED HIS TIME TO BE WORTH $8.00 PER HOUR, AND BECAUSE A CLAIMANT IN QUANTUM MERUIT IS A COMPETENT WITNESS AS TO THE VALUE OF HIS OWN SERVICES THEN [APPELLANT], DESPITE WHAT THE JUDGE CONCLUDED, DID MAKE A *PRIMA FACIE* CASE.

 A close reading of Appellant's multifarious point relied on reveals Appellant is attempting to attack the trial

court's ruling that he "HAD NOT MET HIS 'BURDEN OF PROOF,' *i.e.*, FAILED TO MAKE A SUBMISSIBLE OR PRIMA FACIE CASE ...."[3] Appellant is not attacking the trial court's judgment as a whole or even asserting there was insufficient evidence to support the trial court's judgment. "When courts discuss the burden of proof, there are two components: the burden of producing (or going forward with) evidence and the burden of persuasion." *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 53 (Mo. banc 2001). As stated in 29 Am.Jur.2d *Evidence* section 171 (2008):

> [t]he term 'burden of production' tells a court which party must come forward with evidence to support a particular proposition, whereas 'burden of persuasion' determines which party must pro-

duce sufficient evidence to convince a judge that a fact has been established. To satisfy the burden of production is also sometimes referred to as making out a prima facie case.... Thus, proof of the underlying fact is enough to survive a motion for a directed verdict. Whether a party has satisfied its burden of production is not an issue of fact for the [fact finder]; it is an issue of law. It arises when, after a party rests, an opposing counsel brings a motion for a directed verdict or the like.

The burden of persuasion aspect of the burden of proof describes the obligation of a party to introduce evidence that persuades the factfinder, to a requisite degree of belief, that a particular proposition of fact is true.

*See also McCloskey v. Koplar*, 329 Mo. 527, 46 S.W.2d 557, 561–63 (1932).[4]

---

**3.** We note that Appellant's point relied on violates Rule 84.04 in numerous ways. It does not follow the format suggested by Rule 84.04(d)(1); it violates Rule 84.04(d)(4) because its four sub-paragraphs set out numerous bald assertions of trial court error combined with abstract statements of the law; it violates Rule 84.04(d)(1)(A) in that it never specifies the judgment or order from which he appeals and, instead, merely references a ruling of the trial court, but does not otherwise identify the challenged trial court action; and it is multifarious. "When an appellant alleges error in the trial court's judgment, listing multiple grounds therefor, the result is a point that contains multiple legal issues." *Law Offices of Gary Green, P.C. v. Morrissey*, 210 S.W.3d 421, 424 (Mo.App.2006). "Separate issues must be set out in separate points relied on." *Id.* Despite these procedural failings warranting dismissal, we have chosen to grant gratuitous review of Appellant's sole point relied on.

**4.** As explained in *McCloskey*, 46 S.W.2d at 563,

> [t]hat there is an important difference between the 'burden of proof' and the 'burden of evidence' [or 'burden of production'] seems clear. The plaintiff, having taken the affirmative on the issue of ultimate liability in a lawsuit, must assume the burden of

*convincing the jury.* As to affirmative defenses and cross-actions, a similar burden is imposed on the defendant. If, therefore, the evidence is equally balanced and the jury is left in doubt, the litigant having the burden of proof loses; he must sustain his case by the greater weight of the evidence.... [T]he party having the burden of proof carries the 'risk of nonpersuasion.' In short, the expression signifies the duty of making that evidentiary showing which the law exacts of the party having the affirmative to win the jury's verdict.

On the other hand, the 'burden of evidence' is the burden of 'getting by' the judge to the jury, by making a prima facie showing as to each factual ingredient necessary to establish a prima facie case. Having done this, a plaintiff has discharged his burden of evidence, and the burden shifts to the defendant to produce, if he desires, competent controverting evidence which, if believed, will offset the plaintiff's prima facie case. If this is done the defendant has met the burden of evidence cast upon him, and made a prima facie defense, whereupon the burden swings back to the plaintiff to bring forward evidence in rebuttal, and so on. But during all this time the burden of proof, the risk of nonpersuasion, remains with the plaintiff, except as to affirmative defenses,

**744**

Here, Appellant "had the burden of proving [his] counterclaim[s] against [Respondent]...." *Stiff v. Stiff,* 989 S.W.2d 623, 628 (Mo.App.1999). The trial court made no findings on whether Appellant met his burden of production, "i.e. failed to make a submissible or prima facie case ...," although this is the finding challenged by Appellant in his sole point relied on. The trial court simply found Appellant failed to meet his burden of proof, in this instance, meaning he failed to present sufficient credible evidence to meet his burden of persuasion. Based on his stated point relied on, Appellant seeks to reverse the trial court's judgment on an issue it did not decide and was not mandated to decide.[5] Rather, it is our view that the trial court was called upon to review the evidence presented and rule on the merits of the claims at issue.[6] We can readily infer the trial court disbelieved Appellant's evidence and believed the evidence presented by Respondent. It is within the trial court's province to "believe all, part, or none of the testimony of any witness." *Kickham,* 966 S.W.2d at 362. In our review of the record we cannot say the trial court erred in denying Appellant's counterclaims. Point denied.[7]

The judgment of the trial court is affirmed.

BATES, P.J., and BURRELL, J., concur.

---

etc. The burden of evidence is simply the burden of making or meeting a prima facie case.

5. The Supreme Court of Missouri stated in *Lampe v. Franklin Am. Trust Co.,* 339 Mo. 361, 96 S.W.2d 710, 723 (1936) (internal citations omitted):

[t]he burden of proof requires the party carrying it to prove to the [trier of fact] the facts, upon which his case ... depends, by a preponderance or greater weight of the credible evidence. This means merely that the party, who has the burden of proof, must produce evidence, tending to show the truth of those facts, 'which is more convincing to them as worthy of belief than that which is offered in opposition thereto.' If,

as to the truth of essential facts, the evidence of the party having the burden of proof is not accepted by the [trier of fact] as credible over the evidence to the contrary, he is not entitled to have a verdict. In other words, if the [trier of fact] cannot make up their minds whether to believe or not to believe that facts essential to a party's case ... are true, then as to such issue they must find for the opposite party.

6. "The court shall render the judgment it thinks proper under the law and the evidence." Rule 73.01(c).

7. Appellant's motion to strike certain portions of Respondent's appendix, which was taken with the case, is also denied.